PRICE, Judge.
Plaintiff, a security guard employed by Southern Research, Inc., brought this tort action against his employer, its insurer, and Mid-Continent Steel Casting for damages for personal injuries sustained while performing security services on the premises of Mid-Continent. Southern Research and its insurer were dismissed from these proceedings on an exception of no cause of action based on plaintiff’s sole remedy being under the workmen’s compensation statute. Plaintiff’s suit against Mid-Continent was also dismissed on a motion for summary judgment based on a finding that Mid-Continent was a statutory employer of plaintiff on the date of the accident, thereby relegating him to the exclusive remedy of benefits under the workmen’s compensation statute. Plaintiff appealed from the judgment dismissing his demands against Mid-Continent.
Plaintiff contends the question of whether he was a statutory employee of Mid-Continent should have been determined by a *542 trial on the merits and not on a motion for summary judgment supported solely by the affidavit of a Mid-Continent official purporting to show the essential relationship of security service to the company’s business. Plaintiff also contends this affidavit is a self-serving declaration and does not sustain the burden of proving an affirmative defense by a preponderance of the evidence.
We find no error in the granting of summary judgment in this instance.
Security service is considered an es-sentia] to the operation of a manufacturing plant and is an integral part of the business. Gant v. Jackson Brewing Company, 112 So.2d 767 (La.App.Orl.Cir.1959).
The contract between Southern Research and Mid-Continent attached to the motion along with the aforementioned affidavit shows that plant security is an integral part of this defendant’s business; that Southern Research has contracted to furnish this service; and that plaintiff was engaged in the performance of duties related to the contract at the time of his alleged injury.
These factors bring plaintiff within the classification of a statutory employee as defined in La.R.S. 23:1061.
The counter affidavit filed by plaintiff merely recites he was unaware of any contractual relationship between Southern Research and Mid-Continent. It does not contradict the facts set forth in the supporting affidavit. Under these circumstances there is no genuine issue of fact, and summary judgment was properly granted. See Pullig v. Shreveport Packing Company, Inc. of Kansas, 342 So.2d 1217 (La.App.2d Cir. 1977).
The judgment is affirmed at appellant’s cost.