470 So.2d 483 (1985)
Randall SANDIFER
v.
CROWN ZELLERBACH CORPORATION.
No. CA 84 0437.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*484 John Gallaspy, Bogalusa, for plaintiff-appellant.
Richard Knight, Bogalusa, for defendant-appellee.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
Plaintiff, a security guard employed by Vinson Guard Services, Inc., brought this tort action against Crown Zellerbach Corporation (Crown) for injuries sustained while performing security services on the premises of Crown. Vinson Guard Services, Inc. intervened for the amount it paid in workmen's compensation benefits to plaintiff. On motion of Crown, the trial court granted summary judgment dismissing plaintiff's petition, from which judgment plaintiff has appealed.
Plaintiff contends the trial court erred in concluding there was no genuine issue of material fact and that Crown was entitled to judgment as a matter of law.
In his petition, plaintiff alleges that he was injured while on the premises of Crown and in the employ of Vinson Guard Services, Inc., and that he was in the vicinity of the time office when he turned to descend the stairs at which time he fell over a dog which was under the care and within the custody of Crown.
Crown in seeking summary judgment filed an affidavit by its resident manager of its Bogalusa paper mill, who stated that Crown provides security by use of its own employees as well as employees of contractors, and that security is necessary and essential. Attached to defendant's affidavit was a copy of the contract with Vinson Guard Services, Inc.
Security service is essential to the operation of a manufacturing plant and is an integral part of the business. Adams v. Kast Metals Corporation, 363 So.2d 541 (La.App. 2nd Cir.1978); Gant v. Jackson Brewing Company, 112 So.2d 767 (La.App. Orl.Cir.1959).
We find no genuine issue of material fact that plaintiff was an employed security guard, and that security is essential for the efficient operation of defendant's paper mill. Thus, plaintiff is within the classification of a statutory employee as defined in La.R.S. 23:1061.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.