489 So.2d 1062 (1986)
Michael R. CANTRELL
v.
BASF WYANDOTTE CORPORATION, et al.
No. CA 86-0200.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Alan L. Schwartzberg, Baton Rouge, for Michael Cantrell, appellant plaintiff.
Vincent P. Fornias, Baton Rouge, for BASF Wyandotte, appellee defendant.
William Joseph Cleveland, L. Michael Cooper, Larry C. McCullough, Baton Rouge, for Commercial Union Ins. Co., intervenor appellee.
*1063 Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This matter is before us on defendant-appellee's motion to dismiss the appeal on the basis of a prior writ action by us, which defendant contends constituted a final judgment precluding reconsideration of the same issues in an appeal. Alternatively, defendant asserts a peremptory exception pleading the objection of res judicata.

PROCEDURAL FACTS
On May 9, 1983, Michael R. Cantrell filed this suit for personal injury damages arising from an accident which occurred while he was working as a security guard at a BASF Wyandotte (BASF) plant construction site. On November 26, 1984, BASF filed a motion for summary judgment asserting Cantrell was its statutory employee and, consequently, it was immune from his action in tort. On August 9, 1985, the trial court rendered judgment denying BASF's motion. BASF then applied to this court for supervisory relief. On September 23, 1985, this court granted the writ with the following language:[1]
WRIT GRANTED. Relator is a statutory employee of BASF Wyandotte Corporation. At the time of his injury he was engaged in a work that was part of the principal's trade, business or occupation. See Sandifer v. Crown Zellerbach Corp., 470 So.2d 483 (La.App. 1st Cir. 1985); La.R.S. 23:1032 and 1061. Therefore, the trial court is ordered to vacate its judgment denying the motion for summary judgment and shall enter judgment granting same and dismissing the suit with prejudice.
Cantrell then applied to the Louisiana Supreme Court for a remedial writ which was denied on November 15, 1985. Cantrell v. BASF Wyandotte Corporation, 478 So.2d 149 (La.1985). Pursuant to our order, the district court on October 17, 1985, vacated its earlier judgment and rendered summary judgment in favor of BASF dismissing Cantrell's suit. On December 16, 1985, Cantrell filed a motion to appeal the October 17th judgment. BASF then filed this motion to dismiss the appeal and/or peremptory exception.

OBJECTION OF RES JUDICATA
BASF contends that our writ action of September 23, 1985, has definitively decided the merits of their summary judgment, and, thus, those merits cannot be relitigated in this appeal because of the doctrine of res judicata.
In McGowan v. Ramey, 484 So.2d 785, 789 (La.App. 1st Cir.1986), appears the following:
The doctrine of res judicata conclusively presumes the correctness of a judgment and precludes the relitigation of the judgment. La.R.S. 15:433; Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981). When the judgment no longer can be litigated, it is said to have the authority of the thing adjudged. La. C.C. art. 3556(31). Relitigation of the object of a judgment is barred by the doctrine of res judicata when (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; (3) the demand is between the same parties and is found by them against each other in the same quality. La.C.C. art. 2286;4 Safeco Insurance Company of America v. Palermo, 436 So.2d 536 (La.1983). The objection of res *1064 judicata raises this issue procedurally. La.C.C.P. art. 927(2).
4 The substance of La.C.C. art. 2286 was transferred and redesignated as La.R.S. 13:4231 pursuant to Acts 1984, No. 331, § 7, effective January 1, 1985.
A peremptory exception pleading the objection of res judicata may be considered by an appellate court if pleaded prior to submission of the case for a decision. La.C. C.P. art. 2163; Pipes v. Jesse F. Heard & Sons, Inc., 258 So.2d 187 (La.App. 2nd Cir. 1972).
Pursuant to La.C.C.P. art. 1842, a final judgment is definitive when it has acquired the authority of the thing adjudged. A thing adjudged is defined in La.C.C. art. 3556(31) as follows:
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal. [Emphasis added.]
A final judgment is defined in La.C.C.P. art. 1841 as one "that determines the merits in whole or in part". Our prior writ action in this matter did not determine the merits of the summary judgment; it ordered the trial court to do so. Thus, our writ action was not a final judgment within the purview of La.C.C. art. 3556(31) or La.C.C.P. art. 1841; the judgment of the trial court was such a judgment. Since our writ action was not a final judgment, it cannot support an objection of res judicata, and the peremptory exception pleading such is overruled.

DISMISSAL OF APPEAL
A judgment granting a summary judgment is final and appealable. La.C. C.P. art. 2083; Morris v. Deluxe Check Printers, Inc., 395 So.2d 927 (La.App. 2nd Cir.1981). Thus, the trial court judgment herein which granted summary judgment in favor of BASF (pursuant to our order) is properly appealable to this court. The motion to dismiss the appeal is denied.
However, in considering the merits of the appeal the "law of the case" policy will be applied, and our holding in the writ action (which is reflected in the trial court final judgment) will not be reversed unless it was palpably erroneous or caused manifest injustice. Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation, 260 La. 325, 256 So.2d 105 (1971); Brumfield v. Dyson, 418 So.2d 21 (La.App. 1st Cir.1982), writ denied, 422 So.2d 162 (La. 1982). See also Landry v. Aetna Insurance Company, 442 So.2d 440 (La.1983); Whitney National Bank of New Orleans v. Smith, 482 So.2d 787 (La.App. 4th Cir. 1986), writ denied, 484 So.2d 141 (La.1986); Freeman v. Insurance Company of North America, 444 So.2d 793 (La.App. 3rd Cir. 1984).

DECREE
For the foregoing reasons, the peremptory exception pleading the objection of res judicata is overruled and the motion to dismiss the appeal is denied.
PEREMPTORY EXCEPTION OVERRULED; MOTION TO DISMISS APPEAL DENIED.
NOTES
[1] Prior to Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), it was the general practice in the courts of appeal that supervisory writs were not granted unless there was clear trial court error causing irreparable injury or an ordinary appeal would not be an adequate remedy in practical fact. A. Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 (1964). However, in Herlitz, courts of appeal were admonished to exercise supervisory jurisdiction when (1) the trial court judgment was arguably incorrect, (2) a reversal would terminate the litigation (in whole or in part) and (3) there was no dispute of fact to be resolved. The fact that there was an adequate remedy by review on appeal ceased to be a controlling criteria.