506 So.2d 793 (1987)
Michael CANTRELL
v.
BASF WYANDOTTE, et al.
No. 86-CA-0200.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Rehearing Denied May 29, 1987.
Alan L. Schwartzberg, Baton Rouge, for Michael Cantrell, appellant-plaintiff.
Vincent P. Fornias, Baton Rouge, for BASF Wyandotte, appellee-defendant.
William Joseph Cleveland, L. Michael Cooper, Larry C. McCullough, Baton Rouge, for Commercial Union Ins. Co., intervenor-appellee.
Before EDWARDS, WATKINS and Le BLANC, JJ.
EDWARDS, Judge.
Plaintiff appeals the summary judgment dismissal of his tort suit. We affirm.

PROCEDURAL HISTORY
Plaintiff filed this suit in 1983, seeking damages for personal injury arising from an accident which occurred while he was working as a security guard at defendant's plant. Defendant moved for a summary judgment, claiming statutory employer's status and resultant tort immunity. The court denied the motion, and defendant sought writs in this court. We granted a writ and ordered the trial court to grant the motion for summary judgment on the basis of Sandifer v. Crown Zellerbach *794 Corp., 470 So.2d 483 (La.App. 1st Cir.), cert. denied, 475 So.2d 357 (La.1985). The case is now before us on plaintiff's appeal from the granting of the summary judgment.
Defendant then moved to dismiss plaintiff's appeal, claiming that our writ action definitively decided the question whether summary judgment was appropriate and that the case is therefore res judicata. We denied the motion to dismiss, pointing out that our writ action was not a final judgment, and therefore could not support an objection of res judicata. See LSA-C.C. art. 3556(31); LSA-C.C.P. arts. 1841, 1842; Cantrell v. BASF Wyandotte, 489 So.2d 1062, 1064 (La.App. 1st Cir.1986).

APPELLANT'S CLAIM
The summary judgment was granted on the basis that defendant was plaintiff's statutory employer, LSA-R.S. 23:1061,[1] with resulting tort immunity. LSA-R.S. 23:1032.[2] Plaintiff claims that it was error to grant the summary judgment, both because there were contested issues of material fact, and because defendant was not plaintiff's statutory employer. A summary judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966B. The only issue is whether defendant was plaintiff's statutory employer.
The keys words for determining whether defendant was a statutory employer are "part of his trade, business, or occupation." LSA-R.S. 23:1061. The determination whether statutory employment exists requires a three-level analysis. Berry v. Holston Well Service, Inc., 488 So.2d 934, 937 (La.1986). The first inquiry is whether, considering the entire scope of the work contract, the work is specialized, that is, whether it "requires a degree of skill, training, experience, education and/or equipment not normally possessed outside the contract field." Id. at 938. A determination that the contract work is specialized precludes statutory employment. Otherwise the analysis continues to the next step: comparing the principal's trade, business, or occupation to the contract work.
Normally, for work to be considered within a principal's trade, business, or occupation, it must be routine, customary, or, at least, an activity that is necessarily part of day-to-day operations, rather than extraordinary or nonrecurring activities. Id. Our review should also explore whether, considering manpower and equipment, the principal is equipped to handle such activity. Finally we must determine whether the principal was engaged in the work at the time of the accident. It matters not whether the principal could have done the job, i.e., whether he had the resources; the question is whether he was "engaged in the enterprise at the time of the injury." Id.
We do not believe that plaintiff's security work is specialized per se. The *795 undisputed fact that defendant directly employed security supervisors evidences that the work is non-specialized. Plaintiff's activity, that of being a security guard, was a part of the routine or customary day-to-day operation of the Wyandotte plant. Security is essential to the operation of a manufacturing plant and is therefore an integral part of the business. Sandifer v. Crown Zellerbach Corp., 470 So.2d at 484.
On the other hand, it is equally clear that defendant was not normally equipped to handle the entire scope of the security program for its plant. Defendant directly employed only five people, all in supervisory capacities, in the security division. It appears that the specific job done by plaintiff has always been contracted out. Yet the specific task of the individual employee is not determinative. Berry, 488 So.2d at 938.
In Sandifer v. Crown Zellerbach Corp., 470 So.2d at 484, this court found that a security guard similarly employed was a statutory employee of a manufacturing plant. As in the instant case, the Sandifer record indicated that the manufacturing plant provided security by use of its own employees as well as employees of guard services. If we consider the entire scope of the work contract, that is, to provide security services for the plant, then we must conclude that plaintiff's work was a part of defendant's trade, business, or occupation at the time of the injury.
Therefore based on our analysis of the record in light of Berry, we conclude that defendant was the statutory employer of the plaintiff. Accordingly the trial court was correct in granting summary judgment and dismissing plaintiff's tort action. The judgment of the trial court is therefore affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation for which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ....

LSA-R.S. 23:1061.
[2] The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

LSA-R.S. 23:1032.