517 So.2d 217 (1987)
Ruby HANKINS
v.
WOMAN'S HOSPITAL.
No. CA 86 1403.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Writs Denied January 15, 1988.
Elliott J. Redmond, Baton Rouge, for Ruby Hankins.
Myron A. Walker, Jr., Baton Rouge, for Woman's Hosp.
James E. Moore, Baton Rouge, for Valley Food Service.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This lawsuit involves the injuries and resultant liability between plaintiff, Ruby Hankins (Hankins), and defendant, Woman's Hospital (Hospital). On the trial court's grant of defendant's motion for summary judgment, plaintiff appeals.

FACTS
Hankins, an employee of Mississippi Valley Food Services (Valley Food), sustained certain personal injuries as a result of a December, 1984, fall near defendant's walk-in freezer on the hospital's premises. Hankins alleges that she was an employee of Valley Food, although she performed food services for Hospital. Valley Food intervened for the amount it paid in worker's compensation benefits to plaintiff. Hospital filed a motion for summary judgment asserting itself as plaintiff's statutory *218 employer, La.R.S. 23:1061[1], and thus precluding Hankins' recovery under tort, La.R.S. 23:1032.[2]

TRIAL COURT
The trial court granted Hospital's motion for summary judgment. In its reasons for judgment, the trial court based its decision on the criteria of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986) to determine plaintiff's status as a statutory employee. It found that there did not exist a material issue of fact as to Hankins particular work. Hankins' work was a non-speciality. Further, the trial court determined "that the work being performed by Mississippi Valley Food Services is that business which is normally carried out through employees rather than independent contractors." Thus, the trial court found that Hankins satisfied Berry's three-tier analysis, and was, therefore, a statutory employee of Hospital, and precluded from recovery in tort for her injuries sustained.

ASSIGNMENT OF ERROR
Plaintiff contends the trial court erred, as a matter of law, in concluding there existed a statutory employment relationship between Hankins and the Hospital, when the work involved was never customarily performed by defendant's employees.
The essential words to determine whether plaintiff was a statutory employee are "part of his trade, business, or occupation." La.R.S. 23:1061. The first level of the three-tier analysis under Berry, "is whether considering the entire scope of the work contract, the work is specialized, that is, whether it `requires a degree of skill, training, experience, education and/or equipment not normally possessed outside the contract field.'" Cantrell v. BASF Wyandotte, 506 So.2d 793, 794 (La.App. 1st Cir. 1987). If such work is specialized, the employee's remedy lies outside the worker's compensation statutory scheme. However, if the work performed is not specialized, then the second tier of comparing the principal's trade, business, or occupation to the contract work need be approached. Berry, 488 So.2d at 938. For the contract work performed to be considered within a principal's trade, business, or occupation, it must be "routine, customary, or at least, an activity that is necessarily part of the day-to-day operations" of the business. Cantrell, 506 So.2d at 794. The third tier requires that the principal be "engaged in the enterprise at the time of the injury." Berry, 488 So.2d at 939.
*219 In her petition, plaintiff alleges that she was injured while on the premises of the hospital and in the employ of Valley Food, when she slipped and fell entering defendant's walk-in freezer.
Hospital, in seeking summary judgment, filed an affidavit by its assistant administrator/general who supervised the facility's food services on the date of the accident. The administrator stated that the hospital contracted out "all of its food service, nutrition and dietary operations." Also, the affiant stated that Valley Food Services provided a service "which is essential to the operation and viability of the hospital." As noted by the trial court, the affidavit stated and the trial court found that the Hospital owned the equipment that Valley Food used. As a matter of fact, the hospital provided food services from 1968 to 1974 through its own employees prior to the Valley Food contract being initiated.
Hankins employment is not per se specialized. Plaintiff's activity, that of a supervisor in the dietary department, is not a dietitian nor other specialized field of employment. Supervising the day-to-day operations of providing food to the hospital's patients, employees, and visitors is a vital portion of any healthcare facility's trade or business. Finally, the entire scope of the work contract, to provide food services for the hospital, was a part of the defendant's trade, business, or occupation at the time of the injury.
Therefore, based on the analysis of the record in light of Berry, this court concludes that plaintiff was the statutory employee of the defendant. Accordingly the trial court was correct in its granting of the motion for summary judgment and dismissing plaintiff's tort action.
The judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La.R.S. 23:1061 states that:

Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
[2] La.R.S. 23:1032 states that:

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.