CARTER, Judge.
This is an appeal from the granting of a motion for summary judgment finding statutory employer status.
FACTS
Plaintiff, a boilermaker employed by National Maintenance Corporation, brought this tort action against BASF Wyandotte Corporation (BASF) for injuries he sustained while performing maintenance services on the premises of BASF. National Maintenance Corporation and its worker’s compensation insurer, United States Fidelity and Guaranty Company, intervened for the amounts paid to plaintiff in worker’s compensation and medical benefits. On motion of BASF, the trial court granted summary judgment dismissing plaintiff’s suit. The summary judgment was granted on the basis that BASF was plaintiff’s statutory employer under LSA-R.S. 23:1061, with resulting tort immunity. From this judgment, plaintiff appealed.
Plaintiff contends that the trial judge erred in granting the summary judgment because BASF was not plaintiff’s statutory employer.
STATUTORY EMPLOYER
The key words for determining whether defendant was a statutory employer are “part of his trade, business, or occupation.” LSA-R.S. 23:1061. This court correctly and succinctly set forth the applicable analysis for a determination of statutory employment in Cantrell v. BASF Wyandotte, 506 So.2d 793 (La.App. 1st Cir.1987), writ denied, 512 So.2d 1178 (La.1987), as follows:
The determination whether statutory employment exists requires a three-level analysis. The first inquiry is whether, considering the entire scope of the work contract, the work is specialized, that is, whether it “requires a degree of skill, training, experience, education and/or equipment not normally possessed outside the contract field.” A determination that the contract work is specialized precludes statutory employment. Otherwise the analysis continues to the next step: comparing the principal’s trade, business, or occupation to the contract work.
Normally, for work to be considered within a principal’s trade, business, or occupation, it must be routine, customary, or, at least, an activity that is necessarily part of day-to-day operations, rather than extraordinary or nonrecurring activities. Our review should also explore whether, considering manpower and equipment, the principal is equipped to handle such activity. Finally we must *512 determine whether the principal was engaged in the work at the time of the accident. It matters not whether the principal could have done the job, i.e., whether he had the resources; the question is whether he was “engaged in the enterprise at the time of the injury.” (Citations omitted) [506 So.2d at 794]
We do not believe that plaintiff’s maintenance work is specialized per se. The undisputed fact that BASF directly employed maintenance personnel to perform the job plaintiff was engaged in when he was injured evidences that the work is not specialized. Plaintiff’s activity, that of maintenance, was part of the routine or customary day-to-day operation of the BASF plant. Maintenance is essential to the operation of a chemical manufacturing plant and is therefore an integral part of the business.
It is equally clear that BASF was normally equipped to do minor maintenance and mini-turnarounds. However, on major-turnaround projects in which a section of the plant had to be shut down, BASF employed additional maintenance personnel to minimize the amount of time the section of the plant had to remain closed for maintenance. BASF directly employed numerous people, some in supervisory capacities and some in the precise capacity as plaintiff, to do the exact work plaintiff was doing at the time he was injured.
The record indicates that BASF provided maintenance by use of its own employees as well as employees of maintenance services. Considering the entire scope of the work contract and the specific job done by plaintiff, we conclude that plaintiff’s work was part of BASF’s trade, business, or occupation at the time of plaintiff's injury. See Cantrell v. BASF Wyandotte Corporation, supra; Sandifer v. Crown Zellerbach Corporation, 470 So.2d 483 (La.App. 1st Cir.1985), writ denied, 475 So.2d 357 (La.1985).
We find no genuine issue of material fact that plaintiff was an employed maintenance worker and that maintenance is essential for the safe and efficient operation of BASF’s chemical manufacturing plant. Thus, BASF is plaintiff’s statutory employer as defined in LSA-R.S. 23:1061. See Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986).
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Plaintiff is cast for all costs.
AFFIRMED.