613 So.2d 249 (1992)
Katherine Elizabeth FRITH, et al.
v.
AMERICAN MOTORISTS INSURANCE COMPANY, et al.
No. CA 91 2167.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Rehearing Denied February 22, 1993.
Writ Denied May 14, 1993.
Lee Overton, Baton Rouge, for plaintiff-appellant Katherine Elizabeth Frith, et ux.
Myron Walker, Jr., Baton Rouge, for defendant-appellee Baton Rouge Medical Center.
Thomas Nosewicz, New Orleans, for defendant-appellant Becton Dickinson and Co.
Michael Remson, Baton Rouge, for defendant-appellee Louisiana Reference Laboratory.
Before LOTTINGER, C.J., FOIL, J., and FOGG[*], J., Pro Tem.
KENNETH J. FOGG, Judge, Pro Tem.
In this tort action, plaintiffs appeal the granting of summary judgment in favor of defendant, Baton Rouge General Medical Center (Baton Rouge General), upon a finding that it is the statutory employer of plaintiff, Katherine Elizabeth Frith. We affirm.
Plaintiffs' petition alleges that, on October 7, 1989, while employed by Louisiana Reference Laboratory (LRL) at Baton Rouge General as a lab assistant, Katherine Elizabeth Frith administered a skin test to a patient of Baton Rouge General, using a syringe manufactured by Becton *250 Dickinson & Company (Becton Dickinson). The syringe was covered by a plastic cap. After administering the test Mrs. Frith attempted to recap the needle by inserting the needle into the plastic cap. The needle punctured the inside of the plastic cap and subsequently punctured Mrs. Frith's left thumb. The patient was suffering from AIDS and hepatitis.
Katherine Elizabeth Frith and her husband, Eddie Wayne Frith, individually and on behalf of their minor children, Tracy Frith, Brandon Frith and Delana Frith, filed a tort action against Becton Dickinson, American Motorists Insurance Company[1], Baton Rouge General and LRL, seeking to recover for injuries allegedly sustained when Mrs. Frith was pricked by the contaminated needle. Baton Rouge General responded by filing a motion for summary judgment, contending that, as the statutory employer of Mrs. Frith, it is immune from tort liability pursuant to La. R.S. 23:1061. The trial court granted summary judgment in favor Baton Rouge General and dismissed plaintiffs' action against Baton Rouge General. The Friths and Becton Dickinson appeal that judgment, contending the trial court erred in granting summary judgment in favor of defendant on the ground that a statutory employment relationship existed between Mrs. Frith and Baton Rouge General.
In their first assignment of error, appellants argue the trial court erred in applying the 1989 amendment to La.R.S. 23:1061 to the present case. That statute reads as follows:
PART I. SCOPE AND OPERATION
SUBPART C. LIABILITY OF PRINCIPAL TO EMPLOYEES OF INDEPENDENT CONTRACTOR
§ 1061. Principal contractors; liability
A. When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from bring considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
Amended by Acts 1989, No. 454, § 3, eff. Jan. 1, 1990. (Amendment underlined)
The effective date of the amendment is January 1, 1990. Plaintiff was injured prior to the effective date of the amendment. Suit was filed after the effective date of the amendment. Thus, we must determine whether the amendment is to be given retroactive or prospective effect. *251 Article 6 of the Louisiana Civil Code provides that, in the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
The 1989 amendment broadened the reach of the statutory employment language contained in section 1061. It legislatively overruled the case of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La. 1986), in which the Supreme Court set forth the test for determining statutory employment. By overruling Berry, the amendment effectively returned the courts to a more liberal standard of tort immunity. The 1989 amendment is, therefore, more than merely interpretative of the original Act. It represents a change in the rights and obligations of the parties. It is, therefore, substantive law and will be given prospective application only. In reaching this conclusion we are in agreement with other appellate courts in this state. See Graves v. Lou Ana Foods, Inc., 604 So.2d 150 (La.App. 3 Cir.1992); Carter v. Chevron Chemical Co., 593 So.2d 942 (La. App. 4 Cir.), writ denied, 596 So.2d 211 (La.1992). We, therefore, find that the trial court erred in applying the amendment retroactively.
Appellants further argue the trial court erred in granting summary judgment in favor of Baton Rouge General on the issue of its status as the statutory employer of Ms. Frith, because genuine issues of material fact exist as to her status and because Baton Rouge General was not the statutory employer of Mrs. Frith. A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The burden of showing that there is no genuine issue of material fact and mover is entitled to judgment as a matter of law is incumbent upon the mover, and all doubt must be resolved against the mover and in favor of trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Jurisprudential interpretation of La.R.S. 23:1061, as it read prior to January 1, 1990, can be found in the case of Berry v. Holston Well Service, Inc. In that case the Supreme Court enunciated a three step test for determining whether statutory employment exists between an employee of a contractor and the principal pursuant to La. R.S. 23:1061.
Applying the Berry analysis, the first step, which focuses primarily on the scope of the contract, is to determine whether the contract work is specialized or nonspecialized. This is a question of fact, and courts should consider whether the contract work requires a degree of skill, training, education and/or equipment not normally possessed by those outside the contract field. If it is determined that the contract work is specialized per se, as a matter of law the work is not a part of the principal's trade, business or occupation, and the principal is not the statutory employer of the specialized contractor's employees. Berry, 488 So.2d at 937.
Once it is determined that the contract work is nonspeciality, then the inquiry shifts to a comparison of the principal's trade, business or occupation and the contract work to see if the contract work can be considered a part of the principal's trade, business or occupation. The case of Berry set forth three guidelines, which had been jurisprudentially developed and are in no way exhaustive, to consider under this step: (i) is the contract work routine or customary, i.e., regular or predictable; (ii) does the principal have the equipment and personnel capable of performing the contract work; and (iii) what is the practice in the industry relative to the contract work? Berry, 488 So.2d at 938. Lastly, the court must determine whether the principal was engaged in the work at the time of the alleged accident. Berry, 488 So.2d at 938.
Baton Rouge General is an acute care hospital. In order to be accredited, it must provide pathology and laboratory services to its patients. On October 10, 1983, Baton Rouge General and LRL entered into a *252 contract, calling for LRL to provide clinical laboratory testing services to Baton Rouge General, on the hospital's premises. Pursuant to the contract, the hospital provided the space, fixed equipment and fixtures. The hospital also directly billed the patients for the laboratory services. LRL provided the personnel, non-fixed equipment and laboratory testing services. Services provided by LRL included the taking of blood and tissue samples, the performance of certain antigen/antibody testing on patients, the testing of tissue and blood samples, and reporting of test results. LRL and its personnel were subject to the same rules and regulations as hospital personnel.
Prior to the confection of the contract in 1983, Baton Rouge General Medical Center provided its own laboratory services, using its own personnel and equipment. At the time of the incident, Baton Rouge General was not involved in any laboratory work. However, the hospital could have supplied the services that LRL performed with its own personnel.
We do not believe that the laboratory work performed by LRL is specialized per se. The undisputed fact that defendant performed this work itself in the past and could perform it in the future evidences that the work is not specialized. Further, laboratory services are routine, customary and a necessary part of the day-to-day operations of the hospital. Considering the entire scope of the contract and the specific job done by plaintiff, we conclude that plaintiff's work was part of defendant's trade, business or occupation at the time of plaintiff's injury. See Cantrell v. BASF Wyandotte, 506 So.2d 793 (La.App. 1 Cir.), writ denied, 512 So.2d 1178 (La.1987). Finally, the entire scope of the work contract, to provide laboratory services for the hospital, was a part of the defendant's trade, business, or occupation at the time of the injury. See Hankins v. Woman's Hosp., 517 So.2d 217 (La.App. 1 Cir.1987), writs denied, 518 So.2d 511 and 518 So.2d 512 (La.1988).
We find that the 1989 amendment to La.R.S. 23:1061 is not to be given retroactive effect. Applying the Berry analysis to the record in this case, we find that there are no genuine issues of material fact exist regarding Baton Rouge General's status as a statutory employer and that summary judgment was properly granted by the trial court on that issue. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed equally against plaintiffs-appellants, Katherine Elizabeth Frith and Eddie Wayne Frith, and defendant-appellant, Becton Dickinson & Company.
AFFIRMED.
NOTES
[*] Judge Kenneth J. Fogg is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] American Motorists Insurance Company was dismissed from the lawsuit on plaintiffs' motion.