**David SAVANT and Katherine Savant**

v.

**JAMES RIVER PAPER COMPANY, INC., and/or James River Paper Mill Corporation and Aetna Insurance Company.**

**Civ. A. No. 91–703–B.**

United States District Court,
M.D. Louisiana.

Jan. 7, 1992.

---

**394**

Stephen M. Morrow, Opelousas, La., for plaintiffs.

John W. Perry, Jr., Matthews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for defendants.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

The motion before the Court requires the Court to define the employment relationship between the plaintiff, David Savant, and James River Paper Company, Inc. ("James River") for purposes of the Louisiana Worker's Compensation Act. Defendants have filed a motion for summary judgment asserting that James River is a statutory employer of David Savant which bars plaintiffs' delictual claim for work-related injuries. Applying the recent amendment to La.R.S. 23:1061, the Court finds James River to be David Savant's statutory employer. Therefore, defendants' motion for summary judgment is hereby granted.

The plaintiffs have failed to file an opposition to this motion for summary judgment as required by Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of this Court. Therefore, the facts necessary for the Court to consider this motion are undisputed. Plaintiffs seek damages for injuries alleged to have occurred when David Savant slipped on a substance that accumulated at an entrance to a building at the James River Paper Mill in St. Francisville, Louisiana on June 18, 1990. David Savant's wife, Katherine Savant, has filed a separate claim for loss of consortium emanating from her husband's injuries.

David Savant was an employee of Delta Mechanical, Inc. which had entered into a contract with James River to install a plastic removal system in connection with one of James River's paper machines. The system was designed to help facilitate a process whereby raw products were converted into pulp, the pulp was cleaned and the pulp was submitted to the paper machine for conversion to paper. The undisputed facts reveal that the installation of the plastic removal system was absolutely essential to the operation of the paper mill.

On June 14, 1991, plaintiffs filed this suit in state court. The case was timely removed by the defendants to this Court pursuant to 28 U.S.C. § 1441. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] To oppose the granting of summary judgment, Rule

---

1. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. UpJohn Co.,* 780 F.2d 1190 (5th Cir.1986).

56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[2]

Summary judgment is a procedure "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.' "[3] "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof to see whether there is a genuine need for trial."[4] Summary judgment, "when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."[5]

Under the Louisiana Worker's Compensation Act, an employee's exclusive remedy for injury, compensable sickness or disease is worker's compensation benefits.[6] Louisiana's workers' compensation law also subjects certain principal contractors to liability for compensation claims of employees of their independent contractors or subcontractors.[7] The ostensible purpose of this statute is to prevent such principals from avoiding worker's compensation obligations by interposing a contractor between themselves and the injured employee who performs work which is part of the "trade, business, or occupation" of the principal.[8] Coupled with a statutory employer's worker's compensation obligation is the traditional tort immunity extended to employers for work-related injuries which occur to their employees.[9]

In 1989, the Louisiana Legislature amended La.R.S. 23:1061 to read as follows:

A. When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact

---

2. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

3. *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1 and citing Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 467 (1984)); see also *Fontenot*, 780 F.2d at 1197.

4. *Fontenot*, 780 F.2d at 1196 (quoting Advisory Comm. Note on 1963 amendments to Rule 56(e)).

5. *Id.* at 1197. See also *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir.1991) (applying Rule 56 to claim for breach of fiduci-

ary duty); *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 283 (5th Cir.1991) (applying Rule 56 to claim for negligence).

6. La.R.S. 23:1032.

7. *Howard v. Georgia Pacific Corp.*, 583 So.2d 55, 56 (La.App. 2 Cir.1991).

8. *Howard*, 583 So.2d at 56 (citing 13 W. Malone and H.A. Johnson, LOUISIANA CIVIL LAW TREATISE, "Workers' Compensation" § 121 (1980).

9. La.R.S. 23:1032; La.R.S. 23:1061; *Legros v. Norcen Exploration, Inc.*, 583 So.2d 859, 861 (La.App. 1 Cir.1991).

that work is specialized or non-specialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.[10]

The above amendment became effective January 1, 1990. Since the accident in this case occurred on or about June 18, 1990, the amendment applies in defining James River's legal relationship to David Savant.[11]

Prior to the 1990 amendments to Section 1061 of the Worker's Compensation Act, Louisiana followed the three prong test set forth by the Louisiana Supreme Court in *Berry v. Holston Well Service, Inc.*[12] to resolve the question of statutory employment:

(1) Is the contract work specialized or non specialized? If the work is specialized, then the principal cannot be a statutory employer as a matter of law.

(2) If non specialized, is the contract work comparable to the principal's trade, business or occupation using the following inquiries?

(a) Is the work routine and customary?

(b) Does the principal have the equipment and personnel capacity to perform the work?

(c) What is the practice in the industry?

(3) Was the principal engaged in contract work at the time of the injury?[13]

The *Berry* decision marked the Louisiana Supreme Court's unequivocal abandonment of the "integral relation" test which had been established previously by the Louisiana Supreme Court's decision in *Thibodaux v. Sun Oil.*[14] The court in *Berry* recognized the shift in its interpretive analysis of the statutory employer defense from "a liberal application of the doctrine to one which is more restrictive."[15] In so doing, the court limited the statutory employer defense to a relatively narrow set of circumstances whereby a principal had to prove a virtual substitution of the contractor's workers for that of its own.

The paucity of cases defining the effect of the recent amendment to La.R.S. 23:1061 is due in part to the refusal of the courts to apply the amendment retroactively.[16] Although the Fifth Circuit Court of Appeals declined to apply the amendments retroactively in *Pierce v. Hobart Corporation*[17], the court noted that the 1990 amendment broadened the substantive rights and obligations of principals. In this regard, the Fifth Circuit stated:

This amendment broadens the reach of the statutory employer designation. The

---

**10.** The second sentence of La.R.S. 23:1061(A) was added by Acts 1989, No. 454 § 3.

**11.** In a recent opinion, the U.S. Court of Appeals for the Fifth Circuit held in an opinion authored by Judge Politz that the 1989 amendment to La.R.S. 23:1061 "markedly changed the rights and obligations" of statutory employers and is therefore a substantive change to be given prospective application only. See *Pierce v. Hobart Corporation*, 939 F.2d 1305, 1310 (5th Cir.1991).

**12.** 488 So.2d 934 (La.1986).

**13.** *Berry*, 488 So.2d at 938.

**14.** 218 La. 453, 49 So.2d 852, 854 (1950).

**15.** *Berry*, 488 So.2d at 937.

**16.** See *Pierce*, 939 F.2d at 1309. See also the concurring opinion of Chief Judge Domengeaux in *Fountain v. Central Louisiana Electric Co.*, 578 So.2d 236 (La.App. 3 Cir.1991), *writ denied*, 581 So.2d 707 (La.1991); *contra Brock v. Chevron Chemical Company*, 750 F.Supp. 779, 783 (E.D.La.1990), *vacated* 946 F.2d 1544 (5th Cir. 1991).

**17.** 939 F.2d 1305 (5th Cir.1991).

amendment tracks the language in the first two steps of the *Berry* analysis and rejects the determinative nature of those queries.[18]

The 1990 amendment to La.R.S. 23:1061 does not provide additional factors to guide the courts in their determination of statutory employment relationships. Rather, the 1990 amendment precludes the Court from considering certain factors in determining whether an activity falls within a principal's "trade, business, or occupation". The inclusion of the terms "extraordinary construction" and "specialized" work in the amendment does not necessarily expand statutory employment to all construction workers on a plant site like James River. More narrowly, the 1990 amendment only serves to repudiate the mutual exclusivity of the terms within the concept of "statutory employment" as pronounced by the Louisiana Supreme Court in *Berry*.[19] An *a contario*[20] reading of the 1990 amendment leads this Court to conclude that the Louisiana Legislature intended a return to the "integral relation" test as evidenced by the statute's express repudiation of the *Berry* court's factors for assessing statutory employment.

James River contends that David Savant was installing a plastic removal system in the groundwood department which was absolutely essential to the operation of the paper mill. In support of its motion, James River filed the affidavit of David John Kuzma, who is a Project Engineer for James River. Kuzma stated that the David Savant was performing work associated with the installation of a "plastic removal system" which was designed to remove plastic contaminants from the pulp used to produce paper. James River had entered into a contract with David Savant's employer, Delta Mechanical, Inc. to install the operating mechanical equipment and piping in connection with the plastic removal system.

Kuzma further states in his affidavit that the purpose of the mill is to convert logs and wood chips into paper products. Without cleaning the stock or pulp, the paper plant cannot achieve its purpose.

The record is replete with evidence to establish that James River is the statutory employer of David Savant. The fact that the work being performed at the time of the accident was extraordinary construction or was specialized does not prevent the Court from finding that James River was a statutory employer under the facts of this case. To the contrary, the 1990 amendment to La.R.S. 23:1061 requires this Court to conclude that the Louisiana Legislature has broadened the availability of the statutory employer defense to parties like James River. As noted earlier, plaintiffs have failed to file any opposition to this motion. Thus, the only evidence before the Court was that submitted by the defendants in support of their motion. When the Court considers the uncontradicted evidence with the legal authorities set forth above, the Court must conclude that defendants are entitled to summary judgment as a matter of fact and law.

THEREFORE IT IS ORDERED that defendants' motion for summary judgment be and it is hereby GRANTED. Judgment shall be entered dismissing plaintiffs' suit with prejudice.

---

**18.** 939 F.2d at 1305.

**19.** See Johnson, "Worker's Compensation", 50 La.L.Rev. 391, 397 (1989).

**20.** Rieg, "Judicial Interpretation of Written Rules", 40 La.L.Rev. 49, 60 (1979):

"This reasoning consists of turning around the statement of a text in order to draw a new inference therefrom and is, therefore, founded on the premise that if a text asserts something, it is supposed to negate the contrary."