United States Court of Appeals,

Fifth Circuit.

No. 92-4676.

John Douglas SALSBURY and Linda Fletcher Salsbury, Plaintiffs-Appellants,

Insurance Co. of North America, Intervenor-Plaintiff-Appellant,

v.

HOOD INDUSTRIES, INC., and U.S. Fire Ins. Co., Defendants-Appellees.

Feb. 10, 1993.

Appeals from the United States District Court for the Western District of Louisiana.

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

J. Douglas Salsbury appeals an adverse summary judgment dismissing his tort claims against Hood Industries, Inc. (Hood) and Hood's insurer, United States Fire Insurance Company. The district court concluded that a statutory employment relationship existed between Salsbury and Hood, and that the plaintiff's claims against Hood are barred by the Louisiana Worker's Compensation Act. We affirm.

I. BACKGROUND

In 1990, Hood owned and operated a sawmill in Coushatta, Louisiana. Hood decided to replace some of its heavy equipment that had become inefficient, obsolete, and maintenance-intensive. Hood hired an outside contractor, Frazier Machine, to remove the old equipment and install the new equipment. Because neither Hood nor Frazier Machine had a crane large enough to lift the old equipment out of the mill and to place the new equipment into the mill, Hood contracted Falcon Equipment Company (Falcon) to supply a crane and a crane operator. Falcon sent Douglas Salsbury, one of its employees, to operate the crane. While being maneuvered within Hood's plant complex, the crane made contact with one of Hood's electrical power lines, causing injury to Douglas Salsbury.

Salsbury and his wife brought this diversity tort action alleging that Hood's negligence caused Douglas Salsbury's injuries. The district court granted Hood's motion for summary judgment on the

ground that as Salsbury's statutory employer, Hood enjoyed tort immunity by virtue of Louisiana's Worker's Compensation Act.

## II. DISCUSSION

A. STATUTORY EMPLOYER DOCTRINE BEFORE THE 1989 AMENDMENT[1]

Under Louisiana Worker's Compensation Law, LSA-R.S. 23:1061, when a "principal" engages a contractor to perform work that is "a part" of the principal's "trade, business, or occupation," the principal is liable to pay workers' compensation benefits to any injured employee of the contractor. In such instances, the principal is commonly referred to as the "statutory employer." In exchange for the responsibility placed on statutory employers, the statute provides them immunity from tort lawsuits by their statutory employees. LSA-R.S. 23:1032. Thus, a principal is immunized from tort liability if the contract work was a part of the principal's trade, business, or occupation.

Courts have had difficulty in finding the appropriate standard to use in deciding whether the work done by a contractor was a part of the principal's trade, business, or occupation. Initially, the Louisiana Supreme Court applied the "integral relation" test.[2] *See Thibodaux v. Sun Oil Co.,* 218 La. 453, 49 So.2d 852 (1950). Under this test, the principal was considered a statutory employer if the contractor was engaged in work that was an integral part of the trade, business, or occupation of the principal. This test liberally defined statutory employer and led to a significant expansion of tort immunity accorded to principals. In the early 1980s, the courts began abandoning the integral relation test because they were dissatisfied with the liberal application of the statutory employer defense. *See, e.g., Blanchard v. Engine & Gas Compressor Services, Inc.,* 613 F.2d 65, 71 (5th Cir.1980) (holding that "the "essential to business' test is no longer, if it ever was, the controlling factor in the identification of a statutory employer"); *Benson v. Seagraves,* 436 So.2d 525, 529 (La.1983) (focusing its analysis on whether the contract work was of the type that was customarily performed

---

[1]This decision only deals with the "trade, business, or occupation" theory of statutory employer status. Our discussion throughout this opinion does not involve the so-called two-contract theory of statutory employer status. *See Legros v. Norcen Exploration, Inc.,* 583 So.2d 859, 862-63 (La.App. 1st Cir.), *writs denied,* 588 So.2d 101, 109 (La.1991).

[2]This test is also known as the "essential to business" test.

by the principal's own employees); *Rowe v. Northwestern Nat'l Ins. Co.,* 471 So.2d 226, 229 (La.1985) (same). This shift away from the integral relation test culminated in *Berry v. Holston Well Service, Inc.,* 488 So.2d 934 (La.1986), wherein the Louisiana Supreme Court specifically abandoned the integral relation test and applied a more restrictive, three-level analysis:

> (1) Is the contract work specialized? Specialized work is, as a matter of law, not a part of the principal's trade, business, or occupation, and the principal is not the statutory employer of the specialized contractor's employees.

> (2) Where the contract work is non-specialized, the court must compare the contract work with the principal's trade, business, or occupation. At this second step, the court should make the following inquiries:

>> (i) Is the contract work routine and customary? That is, is it regular and predictable?

>> (ii) Does the principal have the equipment and personnel capable of performing the work?

>> (iii) What is the practice in the industry? Do industry participants normally contract out this type of work or do they have their own employees perform the work?

> (3) Was the principal engaged in the work at the time of the alleged accident? [This third part of the *Berry* analysis has been interpreted to mean that the principal must itself be engaged in the *contract work* at the time of the injury. *See Mozeke v. International Paper Co.,* 856 F.2d 722, 727-28 (5th Cir.1988); *Palmer v. Loyola Univ.,* 496 So.2d 421, 423 (La.App. 4th Cir.1986), *writ denied,* 501 So.2d 207 (La.1987).]

*Id.* at 937-39. To be classified as a statutory employer under the *Berry* analysis, the principal must clear all three hurdles.

B. THE 1989 AMENDMENT TO 23:1061

In 1989, the Louisiana Legislature amended LSA-R.S. 23:1061, effective January 1, 1990, by adding the following sentence:

> The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.[3]

---

[3]With the exception of this added sentence, 23:1061 remained substantively the same after the 1989 amendment. La.Rev.Stat.Ann. § 23:1061 (West Supp.1992).

The 1989 amendment was only aimed at the "trade, business, or occupation" theory of statutory employer status, not the "two-contract" theory of statutory employer status. *See Legros,* 583 So.2d at 862; 14 Wex S. Malone & H. Alston Johnson, III, Louisiana Civil Law Treatise—Workers' Compensation § 364, at 37, 39 (Supp.1992); *see*

Due in part to the prospective application of this amendment, *see Carter v. Chevron Chem. Co.,* 593 So.2d 942, 945-46 (La.App. 4th Cir.), *writ denied,* 596 So.2d 211 (La.1992), no reported Louisiana state court decisions have applied the amendment. However, several Louisiana appellate courts, in the context of discussing whether the amendment should be applied retroactively, have noted that the amendment legislatively overruled *Berry. See, e.g., id.* at 945; *Young v. Lyons Petroleum, Inc.,* 598 So.2d 702, 706 (La.App. 3d Cir.), *writs denied,* 605 So.2d 1149, 1150 (La.1992).[4] Recently, this court in *Harris v. Murphy Oil, U.S.A., Inc.,* 980 F.2d 991, 992 (5th Cir.1992), applied the amendment and concluded that the law has returned to the integral relation test. *See also Duhon v. Conoco, Inc.,* 795 F.Supp. 189, 192-93 (W.D.La.1992) (concluding that the law has returned to the integral relation test); *Savant v. James River Paper Co.,* 780 F.Supp. 393, 396-97 (M.D.La.1992) (same); *Brock v. Chevron Chem. Co.,* 750 F.Supp. 779, 781-82 (E.D.La.1990) (same), *vacated on other grounds,* 946 F.2d 1544 (5th Cir.1991).

The amendment tracks the language in the first two levels of the *Berry* analysis and specifically rejects each of the factors listed in those two levels. The amendment, however, does not specifically track and reject the third level, which inquires whether the principal was actually engaged in the *contract work* at the time of the contract employee's injury. We nevertheless believe that the amendment implicitly repudiates this third level by stating that a principal can be considered a statutory employer "regardless of whether the principal has the equipment or manpower capable of performing the work."[5] Therefore, the amendment repudiates all three parts of the *Berry* analysis.

_____

*also supra* note 1.

[4]Similarly, in *Pierce v. Hobart Corp.,* 939 F.2d 1305 (5th Cir.1991), this court held that the amendment should apply prospectively and noted that the amendment "reverses years of limited judicial applications of the statutory employer defense and returns Louisiana to the more expansive integral relation test." *Id.* at 1309.

[5]LSA-R.S. 23:1032, the provision that provides tort immunity to statutory employers, defines a statutory employer "as any person who undertakes to execute any work which is a part of his trade, business, or occupation *in which he was engaged at the time of injury....*" (emphasis added). The 23:1061 definition, however, does not include (and never did include) the language "*in which he was engaged at the time of injury.*" Although the emphasized language only appears in 23:1032, courts have never differentiated between a statutory employer under 23:1061 and a statutory employer under 23:1032.

Salsbury contends that the amendment simply means that no single factor may be used to defeat statutory immunity.  According to Salsbury's interpretation, the amendment eliminates the litmus nature of the *Berry* analysis but it permits courts to consider and balance the *Berry* factors in determining statutory employer status.  *See* H. Alston Johnson, *Worker's Compensation,* 50 La.L.Rev. 391, 397 (1989) (positing that the amendment "does not, one supposes, mean that these factors are not to be considered;  rather, it appears to mean that no single factor (such as specialized versus non-specialized work) may be used to defeat the defense of immunity raised by the principal");  *see also Pierce,* 939 F.2d at 1307 (dictum) (quoting Johnson's law review article).  We do not agree with that interpretation.  The 1989 amendment provides that the *Berry* factors (such as specialization) "shall not prevent" a principal from being considered a statutory employer.  This means that the factors listed in the amendment cannot be used by themselves *or* in combination with other factors to defeat statutory employer status.

To summarize, in cases where the injury occurred on or after January 1, 1990, the following factors may no longer operate to preclude a finding of statutory employer status:  (1) whether the work is specialized or nonspecialized;  (2) whether the work is extraordinary construction or simple maintenance;  (3) whether the work is usually done by contract or by the principal's direct employee;  (4) whether the work is routine or unpredictable;  (5) whether the principal is capable of performing the work;  and (6) whether the principal was actually engaged in the contract work at the time of injury.

We turn now to the standard applicable after the 1989 amendment.  While the 1989 amendment rejected the approach adopted in *Berry,* it did not eliminate the basic requirement that

We *do not* interpret the above emphasized language—"*in which he was engaged at the time of injury* "—to mean that the principal, to be considered a statutory employer, must actually be engaged in the *contract work* at the time of the injury.  Rather, the statutory language only means that the principal must be engaged in his trade, business, or occupation at the time of the injury.  (The *contract work* is only *a part* of the principal's trade, business, or occupation.)  This interpretation will maintain the harmony between 23:1032 and amended 23:1061, because under 23:1061 a principal can be deemed a statutory employer "regardless of whether the principal has the equipment or manpower capable of performing the work."  We do not believe that the Louisiana Legislature intended to create two definitions of statutory employer, nor do we believe that this interpretation is inconsistent with any Louisiana cases.

the work must be a part of the principal's trade, business, or occupation.

The 1989 amendment undoubtedly marks a shift back to the liberal application of the statutory employer defense. As this court recognized in *Harris,* 980 F.2d at 992, the law has returned to the more expansive "integral relation" test, which was set forth by the Louisiana Supreme Court in the seminal case of *Thibodaux, supra.*[6] Under the integral relation test, a statutory employer relationship exists when the contract work is an integral part of the trade, business, or occupation of the principal.

We recognize that the Louisiana Supreme Court in *Berry* described the integral relation test as an "almost limitless standard [that] yielded inconsistent and often illogical results." 488 So.2d at 937. Yet, the Louisiana Legislature has expressed its disfavor for the approach articulated in *Berry.* By returning to the integral relation test, we do not imply an expectation that the Louisiana courts will adopt all of the pre-*Berry* decisions that have purported to apply the integral relation test,[7] nor do we attempt here to resolve any conflicts that might exist among those cases. *See* 13 Malone & Johnson, *supra,* § 128, at 253 (2d ed. 1980) (noting conflicts among statutory employer decisions). We must now apply the integral relation test to the instant facts.

C. APPLYING THE INTEGRAL RELATIONS TEST

This case does not present a factual dispute; rather, the parties are only disputing the legal conclusion to be drawn from the undisputed facts. Hood is in the business of milling and selling lumber. In 1990, Hood decided to replace some of its equipment in its Coushatta sawmill. According

---

[6]There appears to be very little legislative history on the amendment. *See* House Committee on Labor and Industrial Relations, Minutes of Meeting on May 26, 1989, at 16 (comments by Denis Juge, representing the Louisiana Association of Business and Industry, during the discussion of House Bill No. 1431) ("Mr. Juge interjected that an attempt was being made to turn back the clock. Many court decisions, he said, had expanded the law.... He noted that the "Berry' decision took away the statutory employer defense, and the change in this particular section is an attempt to try to bring the law back to its posture before the "Berry' decision was made and protect the statutory employer.").

[7]In reviewing decisions purporting to have applied the integral relation test, we must keep in mind that, under amended 23:1061, certain factors, such as whether the work was specialized, whether the work was unpredictable, or whether the principal had the capability of performing the work, can no longer operate to preclude the application of tort immunity. We cannot simply go back to pre-*Berry* decisions that have relied on the precise factors rejected by the 1989 amendment. In this respect, the new amendment might be more expansive than some of the prior decisions applying the integral relation test.

to the affidavit of Hood's president, "the equipment in question had become inefficient, outdated, and maintenance-intensive to the point where, if the enterprise was to be viable, a change in equipment and processes was necessary." Because Hood did not own a crane large enough to move the equipment, it contracted Falcon to provide a crane and a crane operator. For purposes of determining statutory employer status under 23:1061 and 23:1032, the "work" at issue is Hood's replacement of its sawmill equipment. The sole question, under the integral relation test, is whether this "work" was an integral part of Hood's business. *See Arnold v. Shell Oil Co.,* 419 F.2d 43, 50 (5th Cir.1969) (holding that "the test for determining whether an activity is part of an employer's trade or business for purposes of the Louisiana Workmen's Compensation Statute is whether the particular activity is essential to the business. The fact that the employer or the industry as a whole always contracts out the activity is not controlling").[8] We believe that replacing wornout and obsolete sawmill equipment that is necessary to operate a sawmill was an integral part of Hood's business of milling and selling lumber. Under amended 23:1061, it is irrelevant that Hood usually contracts other companies to change out its heavy equipment, that Hood did not use some of its own employees to do the work, and that Hood did not have the necessary equipment to complete the work.

### III. CONCLUSION

We conclude that Hood was the statutory employer of Douglas Salsbury and accordingly, we affirm the district court's summary judgment.

AFFIRMED.

---

[8] We recognize that the *Arnold* decision is inconsistent with many subsequent statutory employer decisions, including several pre-*Berry* decisions. However, given the 1989 amendment to 23:1061, we believe that the *Arnold* decision reflects the present law.