Jeffery ARDOIN

v.

FORMOSA PLASTICS CORP., LA and
Kimberly Clark Corporation.

Civ. A. No. 93–559–B–1.

United States District Court,
M.D. Louisiana.

Dec. 12, 1994.

Alton T. Moran, Baton Rouge, LA, for Jeffery Ardoin.

John Arnold Keller, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, LA, for CIGNA Ins. Co., J.E. Merit Constructors, Inc.

Gayla M. Moncla, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Formosa Plastics Corp., La.

Stephen N. Elliott, Bernard, Cassisa, Saporito & Elliott, Metairie, LA, for Kimberly Clark Corp.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Jeffery Ardoin filed this suit to recover damages resulting from injuries he sustained at the Formosa Plastics plant in Baton Rouge, Louisiana, while in the process of cleaning a tank car so that it could be loaded with caustic soda, a product manufactured by Formosa Plastic Corporation ("Formosa"). This matter is now before the court on Formosa's motion for summary judgment.

### FACTS

At the time of the accident, the plaintiff was an employee of J.E. Merit Constructors, Inc. ("J.E. Merit"). Formosa had contracted with J.E. Merit to secure the manpower necessary to do the various tasks related to the receiving, cleaning and loading of tank cars for shipment of caustic soda via rail to its customers.

While performing a pre-load wash of a tank car, the plaintiff was sprayed with caustic soda as he opened the tank car's drainage valve. The plaintiff immediately went to the safety shower and applied a neutralizing agent to the area of his jeans that was sprayed. The plaintiff then proceeded to the top of a loading rack to begin the loading process. During this time, the plaintiff's leg began getting hot. After completing his job, the plaintiff fell while attempting to get down from the tank car. In his deposition, the plaintiff testified that he hung upside down from the loading dock before falling eight or nine feet to the ground below through a two foot gap in the tank car and loading platform. Ardoin claims that his back was injured as a result of this fall.

Plaintiff filed this suit alleging negligence on the part of Formosa. Plaintiff also claims that Formosa intentionally exposed him to known hazards and risks and/or knew that injury was substantially certain to occur while the plaintiff was performing his job duties. In response to the plaintiff's suit, Formosa denies any liability to the plaintiff. Formosa also claims that, as a matter of law, it is the plaintiff's statutory employer and, thus, immune from tort liability. The defen-

dant also denies that it is liable to the plaintiff for intentional injury.

## SUMMARY JUDGMENT

■ Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[2] In opposing the granting of summary judgment, the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings, but by its own affidavits, depositions, answers to interrogatories, or admissions the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[3] When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[4]

■ Where the non-moving party bears the burden of proof at trial, the moving party may discharge its burden by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case.[5] The moving party is not required to produce evidence to negate the non-moving party's claims.[6] The non-moving party must then come forward with evidence which establishes each element for which that party bears the burden of proof at trial.[7] Otherwise, no genuine issue as to any material fact exists, since a complete failure of proof concerning one element of the non-moving party's case necessarily renders all other facts immaterial, and the moving party is entitled to summary judgment.[8]

## CONCLUSIONS OF LAW

Under the Louisiana Worker's Compensation Act, a principal is liable to pay workers' compensation benefits to any injured employee of the contractor when the "principal" engages a contractor to perform work that is a part of its "trade, business, or occupation."[9] In such cases, the principal is known as a "statutory employer." In exchange for placing this responsibility on statutory employers, the statute provides them with immunity from tort lawsuits by their statutory employees.[10]

1. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cormier v. Pennzoil*, 969 F.2d 1559 (5th Cir.1992), *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986).

2. *Cormier*, 969 F.2d at 1560.

3. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir.1991); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990).

4. *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356; *Cormier*, 969 F.2d at 1560.

5. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Lavespere*, 910 F.2d at 178; *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 747 (5th Cir.1989); *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir.1986).

6. *Latimer v. Smithkline & French Labs., Div. of Smithkline Beckman Corp.*, 919 F.2d 301, 303 (5th Cir.1990); *Lavespere*, 910 F.2d at 178; *Teply v. Mobil Oil Corp.*, 859 F.2d 375, 379 (5th Cir. 1988).

7. *Kelley v. Price–Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir.1993). From this evidence, all reasonable inferences are drawn in favor of the non-moving party. *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1064 (5th Cir.1993); *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 855 (5th Cir.1993); *Harbor Ins. Co. v. Urban Constr. Co.*, 990 F.2d 195, 199 (5th Cir.1993).

8. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2552; *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir.1991).

9. La.R.S. 23:1061 (Supp.1994).

10. La.R.S. 23:1032 (Supp.1994). La.R.S. 23:1032 reads in pertinent part:

> A. (1)(a) The rights and remedies herein granted to an employee ... on account of an injury ... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee

This tort immunity does not apply when the employee's injury is the result of an intentional act by the principal.[11] The term "intentional act" has been held to mean the same thing as intentional tort under Louisiana law.[12] Thus, there are two issues the Court must address: first, whether Formosa is the statutory employer of the plaintiff and, if so, whether the plaintiff's injury resulted from an intentional act. Because the Court's subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the Court must apply Louisiana law.

For several years prior to 1990, Louisiana courts followed the three prong test set forth in *Berry v. Holston Well Service, Inc.*[13] to resolve whether a statutory employer relationship existed. However, the Louisiana Legislature amended Louisiana Revised Statutes 23:1061 in 1989 by adding the following sentence which broadened the reach of the statutory employer designation[14]:

The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.[15]

This Court has previously held that when the Louisiana Legislature amended section 1061, it intended to return to the "integral relation" test for assessing statutory employment status.[16] An activity has been deemed to be integrally related to the principal's trade, business or occupation when the work done by the contractor's employee is essential or necessary to that principal's business.[17]

■ In this case, Formosa contracted with J.E. Merit in order to secure the manpower needed to do the various tasks related to the receiving, cleaning and loading of tank cars for shipment of its products.[18] Formosa, therefore, entered into a principal-contractor relationship with the plaintiff's employer which satisfies the contractual element of Louisiana Revised Statutes 23:1061. However, in order to qualify as the plaintiff's statutory employer, the defendant must also show that the work which is the subject of the contract is essential to its trade, business or occupation.

■ The evidence which pertains to the business operations of Formosa is not in dispute. As part of its business, Formosa ships caustic soda via rail to its customers. Prior to loading and shipping the tank car with caustic soda, it is necessary to clean the tank cars of any residue which remains in the car after it is received and unloaded. In his affidavit, loading supervisor Dave Cleveland stated that this work is essential to the operation of the defendant's plant. The plaintiff's

... against his employer, or any principal ... for said injury....
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
B. Nothing in this Chapter shall affect the liability of the employer ... to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

11. La.R.S. 23:1032(B) (Supp.1994).

12. *Bazley v. Tortorich*, 397 So.2d 475 (La.1981).

13. 488 So.2d 934 (La.1986), superseded by statute, La.R.S. 23:1061(A) (1989).

14. *Harris v. Murphy Oil, U.S.A., Inc.*, 980 F.2d 991, 993 (5th Cir.1992).

15. With the exception of this added sentence, La.R.S. 23:1061 (Supp.1994) (effective January 1, 1990) remained substantively the same after the 1989 amendment.

16. *Savant v. James River Paper Co., Inc.*, 780 F.Supp. 393, 397 (M.D.La.1992).

17. *Salsbury v. Hood Industries, Inc.*, 982 F.2d 912, 917 (5th Cir.1993), *Duhon v. Conoco, Inc.*, 795 F.Supp. 189, 192–93 (W.D.La.1992), *Maddox v. Baker Oil Tools, Inc.*, 774 F.Supp. 419, 422 (E.D.La.1991).

18. La.R.S. 23:1061, as amended, applies in determining the defendant's legal relationship with plaintiff because the alleged injuries in this case occurred after the effective date of the 1989 amendment.

deposition and the Cleveland affidavit taken together establish that at the time of the accident, the plaintiff worked as a "loader" and was assigned to various tasks related to this process of receiving, cleaning, and loading tank cars. Thus, it is clear that as a matter of fact and law, the defendant was the statutory employer of the plaintiff at the time of the alleged injury because the plaintiff was performing functions that were essential to the furtherance of the defendant's trade, business, or occupation. The plaintiff presented no evidence to support his contention that the defendant was not his statutory employer. A party may not defeat a motion for summary judgment merely by relying on his pleadings or arguments made in a brief.

■ Therefore, the defendant is immune from liability in tort unless the plaintiff proves that he was intentionally injured by the defendant. In order to prove an intentional tort, the plaintiff must show that Formosa either consciously desired to bring about the physical results of its actions or believed they were substantially certain to follow from having the plaintiff perform his job as assigned.[19] Because the plaintiff does not claim that the defendant consciously intended to injure him, the Court's inquiry is limited to the second prong of the *Bazley* test: whether Formosa believed the plaintiff's injury was substantially certain to follow from requiring him to perform his work as a "loader."

Ardoin contends that Formosa was aware of the dangerous nature of the loading platform where he was assigned to work[20] and that other employees had fallen or almost fallen from the tank car under similar circumstances.[21] Thus, plaintiff argues that there are material issues of fact which preclude the Court from granting a summary judgment on the issue of whether the defendant was substantially certain that plaintiff's injuries would follow from its act of assigning the plaintiff to load the tank car with caustic soda.

■ A thorough review of the record and jurisprudence, however, convinces the Court that there are no genuine questions of material fact for trial on this issue. To satisfy the criteria of "substantial certainty," it is necessary to show more than a reasonable probability that an injury will occur. The term has been interpreted as being equivalent to "inevitable," "virtually sure" and "incapable of failing."[22] Moreover, gross negligence by a defendant is not enough to allow the imputation of intent.[23]

The plaintiff has failed to introduce any evidence to indicate that Formosa was substantially certain that he would be injured as a result of being ordered to work on the tank cars.[24] As noted earlier, mere allegations in a complaint that a defendant knew injury was substantially certain to follow does not give rise to an issue of material fact which precludes summary judgment. The mere knowledge by Formosa that a work area is dangerous and that the unsafe working conditions makes the occurrence of an accident likely falls short of indicating that injury to the plaintiff was inevitable or substantially certain to occur.[25] Louisiana courts have consistently held that ordering an employee to work in an unsafe place is insufficient to prove an intentional tort.[26]

19. *Bazley v. Tortorich*, 397 So.2d 475 (La.1981).

20. Plf.'s Dep. at 101.

21. Plf.'s Dep. at 77 and 104.

22. *King v. Schuylkill Metals Corp.* 581 So.2d 300, 302 (La.App. 1st Cir.1991).

23. *King,* 581 So.2d at 302.

24. The plaintiff's deposition testimony fails to indicate that the defendant was aware of the dangerous nature of the platform or that it had knowledge that other employees had fallen or had almost fallen from the tank cars under similar circumstances. *See* Plf.'s Dep. at 74, 101–02 and 104.

25. *Hudson v. Boh Bros. Const. Co., Inc.,* 573 So.2d 1284 (La.App. 4th Cir.1991). *See also Jacobsen v. Southeast Distributors, Inc.,* 413 So.2d 995, 997–98 (La.App. 4th Cir.1982) (knowledge that an injury will likely occur did not rise to the level of "substantial certainty" so as to impute intent on the part of the plaintiff's employer).

26. *King,* 581 So.2d 300, *Hudson,* 573 So.2d 1284, *Redding v. Essex Crane Rental Corp. of Alabama,* 500 So.2d 880 (La.App. 1st Cir.1986).

Finally, the plaintiff's argument that summary judgment is an improper procedure in which to determine whether an employee's injury resulted from an intentional act is without merit.[27]

Therefore:

**IT IS ORDERED** that the defendant's motion for summary judgment be and it is hereby **GRANTED.**

_But see Wainwright v. Moreno's, Inc.,_ 602 So.2d 734 (La.App. 3d Cir.1992).

27. _Cf. King,_ 581 So.2d at 303.