Robert HESTER

v.

PIONEER CHLOR ALKALI CO., INC.

Civil Action No. 95–468–B.

United States District Court,
M.D. Louisiana.

Dec. 4, 1996.

---

**31.** *Diggs*, 772 F.2d at 196.

James J. Zito, Baton Rouge, LA, for plaintiff.

Gary A. Bezet, Barrye Panepinto Miyagi, Robert E. Dille, Gregory M. Anding, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for defendant.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

■ This matter is before the Court on the defendant's motion for summary judgment. The issue before the Court is whether the defendant is the statutory employer of the plaintiff. Since this Court has jurisdiction in this case under 28 U.S.C. § 1331, the Court must apply the recent Louisiana Supreme Court's opinion in *Kirkland v. Riverwood International USA, Inc.*[1] *Kirkland* addresses issues which are pending in this case and settles a split in the Louisiana circuit courts.[2] The *Kirkland* court held that the appropriate standard for determining whether contract work is part of the principal's trade, business or occupation under Section 1061 of the Workers' Compensation Act[3] is for a court to consider all pertinent factors under the totality of the circumstances. When considering the totality of the circumstances, the Supreme Court held that the court may consider the factors enumerated in *Berry v. Holston Well Service, Inc.*[4] The

---

1. 95–1830 (La. 9/13/96), 681 So.2d 329.

2. A majority of the lower circuit courts had adopted the view that the 1989 amendment was meant to be a return to the integral relation test. See *Carter v. Chevron Chemical Co.,* 593 So.2d 942 (La.App. 4 Cir.1992); *Frith v. American Motorists Ins. Co.,* 613 So.2d 249 (La.App. 1 Cir. 1992); *Hutchins v. Hill Petroleum Co.,* 609 So.2d 312 (La.App. 3d Cir.1992).

3. La.Rev.Stat. 23:1061 (West 1989).

4. 488 So.2d 934 (La.1986). The *Kirkland* court reiterated the factors to be considered in determining whether a statutory employment relationship existed as follows:

(1) The nature of the business of the alleged principal;
(2) Whether the work was specialized or non-specialized;
(3) Whether the contract work was routine, customary, ordinary, or unusual;
(4) Whether the alleged principal customarily used his own employees to perform the work, or whether he contracted out all or most of such work;
(5) Whether the alleged principal had the equipment and personnel capable of performing the contract work;
(6) Whether those in similar business normally contract out this type of work or whether they have their own employees perform the work;

court explained that the 1989 amendment by the Louisiana legislature "merely proscribes making any of the factors [enumerated in the *Berry* decision] conclusive of the determination of whether the contract work was part of the principal's trade, business, or occupation."

When the defendant filed the motion for summary judgment prior to the time *Kirkland* was decided, it sought to have the Court apply the integral relation test. The Court must instead apply the standard set forth in *Kirkland.*

## SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [5]

The well-established criteria that there must be no *genuine* issue of *material* fact before summary judgment will issue insures that a properly supported motion will not be defeated simply by the "existence of *some* alleged factual dispute." [6] With respect to "materiality," because the underlying substantive law is referenced to determine what facts are material,[7] only factual disputes that might affect the action's outcome under governing law can properly preclude summary

judgment; disputes over facts which have no effect on the action's resolution are irrelevant.[8] However, even if material, a factual dispute will not prevent summary judgment if the dispute is not "genuine." Such a conclusion is reached when the evidence could not lead a rational trier of fact to return a verdict for the non-moving party.[9] In examining the record, the Court will view the evidence and draw all reasonable inferences therefrom in favor of the non-moving party.[10]

## ANALYSIS

The Louisiana Supreme Court held in *Kirkland* that the question of whether a contractor's work is part of the trade, business or occupation of a principal "virtually necessitates a multi-factored, case-by-case factual inquiry under the totality of the circumstances." [11] Because of the factual nature of this analysis, earlier courts had held that summary judgment was generally inappropriate.[12] The *Kirkland* court re-iterated this notion when it declared: "[a] totality of the circumstances inquiry is frequently difficult to accomplish on motion for summary judgment which requires a showing that there is no genuine issue of material fact that would defeat entitlement to judgment as a matter of law."

 While it may be difficult to satisfy one's burden on summary judgment, it is not impossible. After carefully reviewing the entire record and the *Kirkland* factors, the

---

(7) Whether the direct employer of the claimant was an independent business enterprise who insured his own workers and included that cost in the contract; and

(8) Whether the principal was engaged in the contract work at the time of the incident.

**5.** FED.R.CIV P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.,* 969 F.2d 1559, 1560 (5th Cir.1992).

**6.** *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

**7.** *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

**8.** *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

**9.** *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. *See also Kelley v. Price–Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir.1993) ("If, on the other

hand, the fact finder could reasonably find in [favor of the non-moving party], then summary judgment is improper.").

**10.** *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.,* 6 F.3d 1058, 1064 (5th Cir.1993).

**11.** The *Kirkland* court, citing pre-*Berry* jurisprudence, indicated that the determination of whether the contract work was part of the principal's trade, business or occupation is a factual issue to be resolved on a case-by-case basis. See *Kirkland* citing *Lewis v. Exxon Corp.,* 441 So.2d 192 (La.1983).

**12.** See generally *Thompson v. South Central Bell Telephone Co.,* 411 So.2d 26 (La.1982); *Guinn v. Progress Drilling, Inc.,* 401 So.2d 978 (La.1981).

Court finds that summary judgment is proper in this case. Even using the *Berry* factors as enumerated in *Kirkland*, it is clear that Pioneer Chlor Alkali Co. Inc. is the plaintiff's statutory employer under the facts of this case.

It is clear that the plaintiff was employed as a millwright by J.E. Merit. J.E. Merit performed work for Pioneer under a maintenance contract. Plaintiff worked for J.E. Merit at Pioneer Chlor Alkali Company as part of a J.E. Merit crew that had been performing maintenance on the drive system of the carriage drive unit of the South Sand Filter and the pumps of the South Sand Filter.[13] Pioneer uses these sand filters in their business of manufacturing chlorine.[14] It is necessary to refurbish the sand filters every one to four years. Routine preventive maintenance must be performed each time a filter is refurbished.[15] It is universally agreed that the plaintiff was performing maintenance work at Pioneer.[16] The key issue in this case is whether this work was part of the trade, business and occupation of Pioneer.

The courts have undergone several transformations throughout the years when it comes to the question of whether a principal is the statutory employer.[17] The old integral relations test was a more liberal approach to the question. The *Berry* court set forth factors to aid in this analysis which were considered a more restrictive test.[18] Once the Louisiana Legislature amended § 1061 in 1989,[19] many courts, including this Court, held that the integral relations test was once again the proper test.[20] The *Kirkland* court clarified the law and held that the totality of the circumstances test was the proper analysis and that the *Berry* factors could be considered.

Throughout all the changes in this analysis over the years, the Louisiana Supreme Court continue to hold, even in *Berry*, that "maintenance and repair work ... [is] within the scope of coverage" of the Worker's Compensation Act.[21] Since the *Kirkland* court cited *Berry* with approval, this legal principle continues to be valid. It is clear that the plaintiff was an employee of J.E. Merit working at Pioneer Chlor Alkali Company performing maintenance.[22] Through the years, state and federal courts have consistently found that maintenance and general repair work was part of a principal's trade, business and occupation.[23] Even in the *Berry* decision itself,

**13.** Affidavit of Frank Anderholt, J.E. Merit supervisor of plaintiff, Exhibit B of defendants memorandum in support. Plaintiff's memorandum in opposition, pp. 1–2, admits that Hester worked on various projects and mechanical maintenance.

**14.** Affidavit of Frank Anderholt, ¶ 6.

**15.** Affidavit of Frank Anderholt, ¶ 7.

**16.** Deposition of Mr. Hester, pp. 30, Exhibit C of defendants' memorandum in support. See also Affidavit of Frank Anderholt, Exhibit B of defendants memorandum in support.

**17.** For a general discussion, see Wex S. Malone & H. Alston Johnson, III, *Workers' Compensation Law and Practice*, 13 Louisiana Civil Law Treatise, § 121–126 (3d ed. 1994).

**18.** See generally this Court's discussion on the 1989 amendment in *Salmon v. Exxon Corp.*, 824 F.Supp. 81, 85 (M.D.La.1993).

**19.** See generally this Court's discussion in *Salmon*, 824 F.Supp. at 84.

**20.** *Morgan v. Gaylord Container, Corp.*, 30 F.3d 586 (5th Cir.1994); *Salsbury v. Hood Industries,* *Inc.*, 982 F.2d 912 (5th 1993); *Ardoin v. Formosa Plastics Corp.*, 884 F.Supp. 209 (M.D.La.1994); *Salmon v. Exxon Corp.*, 824 F.Supp. 81 (M.D.La. 1993).

**21.** *Berry v. Holston Well Service, Inc.*, 488 So.2d 934 (citing *Lewis v. Exxon Corp.*, 441 So.2d 192 (La.1983); *Benson v. Seagraves*, 436 So.2d 525 (La.1983)). Pre-*Berry* jurisprudence recognized this as well, see *Lewis v. Exxon*, 441 So.2d 192 (La.1983); *Boudreaux v. Boudreaux*, 369 So.2d 1117, 1119 (La.App. 1 Cir.), *writ denied*, 371 So.2d 615 (1979).

**22.** In plaintiff's statement of undisputed material facts submitted to this Court on March 14, 1996, paragraph two states "[o]n July 27, 1994, the date of the alleged accident, J.E. Merit was performing maintenance for Pioneer Chlor Alkali Co., Inc. in pursuant to a maintenance agreement."

**23.** For pre-*Berry* jurisprudence, see note 20. Post-*Berry* and the 1989 amendment, see generally *Thompson v. Georgia Pacific Corp.*, 993 F.2d 1166 (5th Cir.1993); *Harris v. Murphy Oil, USA, Inc.*, 980 F.2d 991 (5th Cir.1992); *Salmon v. Exxon Corp.*, 824 F.Supp. 81 (M.D.La.1993).

when the analysis in this area was the most rigorous, the Louisiana Court held that one who participates in general maintenance and repair was considered covered by the Workers' Compensation Statute.[24] The evidence in this case could not lead a rational trier of fact to return a verdict for the plaintiff.[25] After consideration of the entire record and applying the *Kirkland* factors, the Court finds that there are no genuine issues of material fact in dispute that preclude the Court from granting the defendant's motion for summary judgement.

Pioneer is the statutory employer of plaintiff under Louisiana Revised Statutes 23:1061 and the facts of this case.

Therefore:

**IT IS ORDERED** that the defendant's motion for summary judgment be and it is hereby **GRANTED.**

Judgment shall be entered dismissing plaintiff's case with prejudice.

24. *Berry*, 488 So.2d at 938.

25. See generally *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. *See also Kelley v. Price–Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir.1993) ("If, on the other hand, the fact finder could reasonably find in [favor of the non-moving party], then summary judgment is improper.").