**Thomas L. MICKLER, Plaintiff–Appellant,**

v.

**The NIMISHILLEN and TUSCARAWAS RAILWAY COMPANY, Defendant–Appellee.**

Nos. 92–3740, 92–4047.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 20, 1993.

Decided Dec. 23, 1993.

Deborah P. Goshien (argued and briefed), Bernsteen & Bernsteen, Cleveland, OH, for plaintiff-appellant.

Richard S. Milligan (briefed), Philip E. Howes (argued and briefed), Thomas R. Himmelspach (briefed), Vogelgesang, Howes, Lindamood & Brunn, Canton, OH, for defendant-appellee.

Before: KENNEDY and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Plaintiff Thomas L. Mickler appeals the District Court's grant of summary judgment in favor of his employer, Nimishillen & Tuscarawas Railway Company (92–3740). Plaintiff also appeals a magistrate judge's order denying plaintiff's motion to vacate the summary judgment, to re-open discovery, and to indicate a willingness to accept remand of the case (92–4047). Plaintiff argues that the District Court erred in holding that defendant is not a common carrier engaged in interstate commerce and thus not subject to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq. He further asserts that even if defendant is not a common carrier,

recent amendments to the Boiler Inspection Act ("BIA"), 45 U.S.C. §§ 22 et seq., and the Safety Appliance Act ("SAA"), 45 U.S.C. § 11 make FELA applicable to defendant; and that defendant is estopped from denying it is subject to FELA. For the reasons stated below, we affirm the District Court's grant of summary judgment. The magistrate judge's order is not a final judgment of the District Court and is not appealable. Thus, Appeal No. 92–4047 will be dismissed.

## I.

Plaintiff's Complaint alleged that he was employed by defendant as a trainman, brakeman, and engineer when, while at work, he fell "from a wet, slick, newly and improperly painted locomotive, covered with oil and rain and grease," causing him to seriously injure his left shoulder and teeth. The Complaint further alleged that the accident was caused by defendant's negligence in failing to provide a safe workplace, in violation of FELA, the BIA, and the SAA.

Defendant answered the Complaint on January 28, 1992, in which it admitted to jurisdiction as a railroad carrier. On February 13, 1992, within the time permitted to amend without leave of the court, defendant amended its Answer so as to deny jurisdiction under FELA on the ground that it is not a railroad common carrier. On March 25, 1992, defendant moved for summary judgment on that ground.

On June 18, 1992, the District Court granted defendant's motion for summary judgment. The court's memorandum found that the following facts were undisputed. Defendant is a wholly-owned subsidiary of Republic Engineered Steel, Inc. ("Republic"). Defendant only transports materials and products for Republic. Defendant does not advertise or sell its services to any other businesses. It only operates within the premises of Republic's plant and on adjacent interchange tracks which are owned by Consolidated Rail Corporation, Wheeling and Lake Erie Railroad, and R.J. Corman Railroad Co. Defendant transports shipments between common carrier railroads and the Republic plant. The shipments contain products and materials coming into Republic's plant and

leaving the plant for out-of-state locations. The court granted defendant's motion for summary judgment on June 22, 1992, on the ground that defendant is not a common carrier under FELA but rather an in-plant carrier. The court also found no evidence that defendant had held itself out as a common carrier and therefore is not estopped from defending on the ground that it is not a common carrier.

On July 17, 1992, plaintiff timely appealed the order granting summary judgment. On the same day, he filed a combined motion with the District Court to vacate the grant of summary judgment pursuant to Fed.R.Civ.P. 60(b) and motion to re-open discovery, on the ground of newly discovered evidence. On September 3, 1992, plaintiff requested the District Court to indicate a willingness to accept remand of the case from the Court of Appeals in order to rule on the motions to vacate and to re-open discovery. The magistrate judge issued a "Memorandum and Order" denying plaintiff's motions. On October 8, 1992, plaintiff appealed the magistrate judge's order.

## II.

■ The grant of summary judgment by a district court is subject to *de novo* review. *Jones v. Tenn. Valley Authority,* 948 F.2d 258, 261 (6th Cir.1991). Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Where, looking to the record as a whole, a reasonable mind could come to only one conclusion, there is no genuine issue of material fact and summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ FELA provides in pertinent part:
Every *common carrier by railroad* while engaging in commerce between any of the several States or Territories, ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or

employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, ... or other equipment.
45 U.S.C. § 51 (emphasis added). Plaintiff argues that defendant is a "common carrier by railroad" and is therefore liable to plaintiff under FELA for plaintiff's injuries allegedly caused by defendant's negligence. The trial court held that defendant is not a common carrier and is therefore not subject to FELA.

This Court has defined *common carrier,* as used by FELA, as
one who holds himself out to the public as engaged in the business of transportation of persons or property from place to place for compensation, offering his services to the public generally. The distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently, and hence is regarded in some respects as a public servant.

*Kieronski v. Wyandotte Terminal Railroad Co.,* 806 F.2d 107, 108 (6th Cir.1986) (quoting *Kelly v. General Electric Co.,* 110 F.Supp. 4, 6 (E.D.Pa.), *aff'd,* 204 F.2d 692 (3d Cir.), *cert. denied,* 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390 (1953)). *Kieronski* noted several types of carriers including (1) in-plant carriers, which transport products within a particular business and may be connected to common carriers; (2) private carriers, who haul for others, but only pursuant to individual contracts entered into separately with each customer; (3) linking carriers, which link two or more common carriers; and (4) mixed function carriers, which perform both as in-plant carriers and common carriers. 806 F.2d at 109. In-plant and private carriers are generally not considered to be common carriers but linking and mixed-function carriers are considered common carriers because they are part of the common carrier system providing rail service to the public.

In this case, defendant supported its motion for summary judgment with the affidavit of its vice-president of operations, James T. Winterfeld. The affidavit set forth facts supporting defendant's claim that it is not a common carrier but rather an in-plant carrier. The affidavit states that defendant is a

wholly-owned subsidiary of Republic; that defendant is licensed as a common carrier but provides transportation services exclusively for Republic; that defendant does not advertise a service for any business other than Republic nor receive any remuneration for service except from Republic; that defendant operates only within Republic's plant premises except to use common carrier tracks adjacent to the plant for transferring Republic shipments from the plant to the common carrier railroads; and that defendant owns no track outside Republic's premises nor has any agreement with any common carrier except for the aforesaid interchange operations. These facts support defendant's claim that it is an in-plant carrier and not a common carrier.

Once the moving party has made and supported its motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). Plaintiff opposed defendant's motion with his own affidavit, an affidavit by plaintiff's local union president, John McGarry, and copies of various letters, memoranda, and other documents. These papers show that plaintiff was an employee of defendant and that plaintiff was covered by railroad retirement. They further indicate that defendant was licensed to operate as a common carrier, that products were shipped by Republic to other states and that employees of defendant worked outside Republic's yard. Plaintiff's affidavit also states that

> [t]he Railroad was not used solely to load and unload goods purchased and used by the steel company, and that Defendant is a linking carrier and a vital part of the interstate commerce system because goods and alloys destined for other states from the steel company were sent out from this location by the linking system of tracks used by the Railroad crews which were permitted to work outside the yard and on Conrail facilities such as I was permitted to do.

■ These facts, assuming for summary judgment that they can be proved, do not create an issue of material fact for trial. The question is not whether defendant is licensed as a common carrier but whether defendant offers or provides common carrier services. Also, defendant may have acted under a mistaken belief that it was a common carrier and accordingly provided certain retirement benefits and submitted to federal inspections but it is not a common carrier unless it provided services for other common carriers or the public. Plaintiff's papers provided no evidence that defendant had held itself out to the public or any other businesses as a common carrier, nor that defendant provided any service for or received any compensation from any business other than Republic. Although plaintiff did allege that defendant was a "linking carrier" and "was not used solely to load and unload goods purchased and used by the steel company," plaintiff based these assertions on the fact that defendant transports products for out-of-state destinations and operates on tracks that link to Conrail. These facts do not, however, bring defendant under FELA. Although engaging in interstate commerce is a prerequisite for FELA liability, it is a separate question from whether a railroad is a common carrier. Also, linking to common carriers does not make defendant a "linking carrier" under *Kieronski*. A linking carrier is a railroad that links common carriers to one another not one that links a private business to a common carrier. *See Kieronski*, 806 F.2d at 109 ("An in-plant system does not become a common carrier merely by being connected to a common carrier, because such a connection is a common feature of in-plant systems."). If plaintiff's allegations were based on something more than the reason recited, then they lacked the specificity required to oppose a motion for summary judgment. *See* Fed. R.Civ.P. 56(e). Thus, defendant's claim that it is not a common carrier is not in genuine dispute. Defendant is not subject to FELA as a common carrier.

### III.

■ Plaintiff's second contention is that, even if defendant is not a common carrier, it is nonetheless subject to FELA in light of recent amendments to the BIA and the

SAA.[1] These Acts impose duties on railroads to comply with various safety standards. In 1988, Congress amended these Acts substituting "railroad" for "common carrier" and "carrier" throughout the SAA and BIA.[2] Plaintiff argues that the BIA and SAA should be read *in pari materia* with FELA to extend FELA to all circumstances where the BIA or SAA apply.

The SAA and BIA are railroad safety laws, the enforcement provisions of which create civil penalties and charge the Department of Transportation through the Federal Railroad Administration (FRA) with responsibility for their enforcement. By the Act of 1988, Congress broadened federal jurisdiction over railroad safety to include railroads that are neither common carriers nor engaged in interstate commerce. The purpose of the Act was to continue and expand federal regulation of railroad safety. The apparent purpose for substituting "railroad" for "common carrier" in the safety acts was to provide uniformity in the safety requirements of all railroads and to subject all railroads to the injunctive, inspection and penalty powers of the FRA. *See* House Conf.Rep. No. 100–637, *cited in* 1988 U.S.C.C.A.N. at 716. The Act also expanded the reach of the FRA's enforcement power to individual railroad employees, managers, supervisors and officials. *See* House Conf.Rep. No. 100–367, *cited in* 1988 U.S.C.C.A.N. at 709.

■ These amendments, however, were limited to the statutory provisions outlining safety standards and the procedures by which the FRA would enforce these standards. Congress did not amend FELA, which creates a tort remedy for railroad employees injured as a result of the negligence of their employers. FELA continues to apply only to common carriers engaging in interstate commerce. *See* 45 U.S.C. § 51. Although courts have read FELA *in pari*

*materia* with the BIA and SAA, they have only referred to the latter safety laws as a negligence standard for the application of FELA. *See, e.g., McCarthy v. Pennsylvania,* 156 F.2d 877, 879 (7th Cir.1946). A violation of BIA or SAA is negligence *per se* under FELA. *Urie v. Thompson,* 337 U.S. 163, 188–89, 69 S.Ct. 1018, 1033–34, 93 L.Ed. 1282 (1949); *Green v. River Terminal Railway Co.,* 763 F.2d 805, 810 (6th Cir.1985); *McCarthy,* 156 F.2d at 879 (citing *San Antonio & Arkansas Pass R. Co. v. Wagner,* 241 U.S. 476, 484, 36 S.Ct. 626, 629, 60 L.Ed. 1110 (1916)). FELA, by its terms, has always applied only to common carriers engaged in interstate commerce. Plaintiff has presented no authority in the statute, legislative history, or precedent that suggests that Congress intended to expand the class of railroads liable for employee injuries under FELA. In fact, the Senate Report on the 1988 amendments states that "this legislation authorizes the FRA to take direct enforcement action against individuals, as well as railroad companies. *It would not otherwise affect private proceedings as between railroads and their employees.*" Sen.Rep. No. 100–153 § 3, *cited in* 1988 U.S.C.C.A.N. at 701 (emphasis added). Absent clear congressional intent or an intolerable conflict between the 1988 amendments and FELA, we will not expand FELA beyond the reach of its plain language. FELA only applies to common carriers and therefore does not apply to defendant.

## IV.

■ Plaintiff's third challenge to the trial court's grant of summary judgment is based on estoppel. Plaintiff contends that defendant represented itself to plaintiff as a common carrier and plaintiff detrimentally relied on such representation. Plaintiff argues that defendant should be estopped from denying it is a common carrier and therefore should

---

1. The District Court also addressed plaintiff's argument that the BIA and SAA independently provide a cause of action without regard to FELA. The District Court held that a railroad employee suit for violations of BIA and SAA could only be brought through FELA and that BIA and SAA only serve as standards of negligence *per se* for purposes of FELA liability. This issue is not argued on appeal.

2. Congress amended several railway safety acts by the Railway Improvement Act of 1988, Pub.L. No. 100–342, 102 Stat. 631 (1988). For the legislative history and purpose of the Act, see 1988 U.S.C.C.A.N. 695.

be deemed as such for purposes of FELA liability. The trial court denied this claim on the ground that plaintiff had presented no evidence that defendant represented itself to plaintiff as a common carrier.

■ This Court has no jurisdiction over plaintiff's estoppel claim. The sole basis for federal jurisdiction in this case is FELA. Because defendant is not a common carrier and FELA does not apply, there is no federal question. Even if plaintiff could establish the elements of estoppel, we would still have no jurisdiction.[3] Federal jurisdiction simply cannot be conferred by estoppel. *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992) (citing *American Fire & Casualty Co. v. Finn.,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)) (principles of estoppel may not be used to confer subject-matter jurisdiction on a court that would otherwise lack it); *Wooten v. United States,* 825 F.2d 1039, 1045 (6th Cir.1987) (citing *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978)) ("Since federal courts are courts of limited jurisdiction, jurisdiction that is otherwise lacking cannot be conferred by consent, collusion, laches, waiver, or estoppel."); *Mahoney v. Northwestern Bell Tel. Co.,* 377 F.2d 549, 549 (8th Cir.1967) ("It is ... well established that jurisdiction cannot be acquired by estoppel."); *Poole v. Lykes Bros. Steamship Co.,* 273 F.2d 423, 423 (5th Cir.1960) (no conferring of jurisdiction by estoppel); *In re Federal Facilities Realty Trust,* 227 F.2d 651, 656 (7th Cir.1955) ("[J]urisdiction can never be created by estoppel...."). Therefore, plaintiff's estoppel claim must be dismissed.

### V.

■ Finally, plaintiff appeals from the denial of his motion to vacate the summary judgment pursuant to Fed.R.Civ.P. 60(b) and motion to re-open the case for discovery. This appeal is not properly before us. The order denying plaintiff's motions was issued by a magistrate judge and not a judge. Decisions and orders of magistrate judges are directly appealable to this Court under only limited circumstances, none of them applicable here. Although neither party raised this issue on appeal, this Court must raise the matter *sua sponte* because it goes to the issue of subject-matter jurisdiction. *Bennett v. General Caster Service of N. Gordon Co.,* 976 F.2d 995, 997 (6th Cir.1992) (citing *Ambrose v. Welch,* 729 F.2d 1084, 1085 (6th Cir.1984)). Therefore, the magistrate judge lacked jurisdiction to enter a final order. The order entered is not appealable. Accordingly, the appeal (92–4047) is dismissed.

### VI.

For the reasons stated above, the order granting summary judgment is **AFFIRMED** and the appeal from the magistrate judge's order denying plaintiff's motions to vacate judgment and re-open discovery is dismissed.

---

**3.** We note that even if defendant were estopped from denying it was a common carrier, summary judgment would be proper. Plaintiff has the burden of proving defendant is a common carrier and therefore must present affirmative evidence indicating such. Because plaintiff has not presented any such evidence, his claim would fail even if defendant were estopped from presenting evidence that it is not a common carrier.