97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmett E. COOMER, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INC., Defendant-Appellee.
 No. 95-6106.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1996.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; and ENSLEN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Emmett Coomer brought this action against his employer, CSX Transportation, Inc. ("CSX"), for damages under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51-60. Plaintiff appeals the district court's grant of summary judgment to defendant. We AFFIRM.
 
 I.
 
 2
 Emmett Coomer began working for CSX in 1976 as a track repairman and machine operator. On August 12, 1991, plaintiff was assigned to work on a "section" gang. Section gangs normally have around twenty-two men, but there were only ten to twelve men on this particular gang. Plaintiff began performing his duties, which included pulling spikes, plugging tie holes, and laying rail plates. He felt back pain while working, but did not inform anyone because it was normal for him to occasionally experience such discomfort.
 
 
 3
 After two to three hours of work, plaintiff attempted to lift a forty pound splice bar and experienced a sharp pain in his lower back. For the rest of the day plaintiff could perform only light tasks. The next morning, plaintiff was hospitalized due to his back pain. He remained in the hospital for ten days.
 
 
 4
 Plaintiff filed this FELA action in district court alleging, inter alia, that defendant negligently assigned plaintiff to work on the section gang and that the section gang was understaffed on August 12, 1991. In opposing defendant's motion for summary judgment, plaintiff relied largely upon his own deposition testimony and the affidavit of Walter Heidke, a chiropractor. Dr. Heidke opined that the cumulative stress of plaintiff's activities on August 12, 1991, could have caused plaintiff's condition. The district court granted summary judgment in favor of defendant. This appeal followed.
 
 II.
 
 5
 We review the grant of summary judgment de novo. Wilson v. CSX Transp., Inc., 83 F.3d 742, 745-46 (6th Cir.1996). Summary judgment is proper only if the record, when viewed in its entirety, shows that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Mickler v. Nimishillen & Tuscarawas Ry. Co., 13 F.3d 184, 186 (6th Cir.1993), cert. denied, 114 S.Ct. 1835 (1994).[1]
 
 
 6
 To establish a claim under § 1 of FELA,[2] a plaintiff must establish duty, breach, foreseeability, and causation. Adams v. CSX Transp., Inc., 899 F.2d 536, 539 (6th Cir.1990). Plaintiff first argues that the work of a section gang member was beyond his abilities and that defendant was negligent in assigning him to such duty given plaintiff's previous back injuries. An employer owes a duty under FELA to assign an employee to duties which are within the employee's physical capacity. Fletcher v. Union Pacific R.R., 621 F.2d 902, 909 (8th Cir.1980), cert. denied, 449 U.S. 1110 (1981). The district court held that defendant failed to create an issue of fact as to whether a breach of duty had occurred.
 
 
 7
 We agree with the district court. Plaintiff stated in his deposition that the only alleged negligent act was the failure to have more men on the section gang. Plaintiff thus conceded that his assignment to the section gang was not in and of itself negligent.
 
 
 8
 Plaintiff next argues that defendant negligently understaffed the section gang on the date of plaintiff's injury. As part of its duty to provide a safe work environment, employers must provide workers with sufficient manpower to accomplish an assigned task. Blair v. Baltimore & Ohio R.R., 323 U.S. 600, 604-05 (1945). Plaintiff contends that the section gang was understaffed thereby resulting in plaintiff's injury. The district court held that even if defendant had breached its duty by understaffing the section gang, plaintiff had failed to show causation. The district court found that each of the tasks performed by the employees assigned to the gang were single-person tasks, and the result of having more workers would simply have been to have finished the day's work more quickly.
 
 
 9
 Dr. Heidke stated in his affidavit that plaintiff's back injury may have been the result of cumulative stress placed on plaintiff's back on the morning of August 12, 1991. Plaintiff indicated that the section gang he was working on had fewer than the normal number of workers, and that he would not have had to perform as many tasks if the section gang had been fully staffed.
 
 
 10
 We agree with the district court that there is no evidence that the absence of additional workers proximately caused plaintiff's injury. See McKennon v. CSX Transp., Inc., 897 F.Supp. 1024, 1027 (M.D.Tenn.) (rejecting argument that having more workers would have prevented injury where enough workers were present to accomplish a specific task; "more workers simply would have meant that the crew finished its job more quickly"), aff'd, 56 F.3d 64 (6th Cir.1995). Plaintiff admitted that lifting a splice bar required only one person, and that the assignment of more workers would not have aided him in performing that task individually. As the district court noted, it is too tenuous to argue that the presence of more workers would have prevented plaintiff's injury.
 
 III.
 
 11
 The district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Plaintiff argues that there is a lower standard of proof under Fed.R.Civ.P. 56(c) in FELA cases. Even if there were a lower standard, plaintiff has not met it
 
 
 [2]
 Section 1 of FELA provides in relevant part:
 Every common carrier by railroad while engaging in [interstate] commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... resulting in whole or in part from the negligence of [the carrier].
 45 U.S.C.A. § 51 (West 1986).