Joseph G. POISSO

v.

FORMOSA PLASTICS GROUP, Formosa Plastics Corporation, U.S.A., Formosa Plastics Corporation, Louisiana, Turner Industries, Limited, Incorporated, Harmony Corporation, Illinois Central Railroad, C. Sam Harkens, Susan Wang, C.T. Lee, Yung–Tai Wang, and Yung–Ching Wang.

Civil Action No. 96–7470–B–M3.

United States District Court,
M.D. Louisiana.

Jan. 30, 1998.

Irving J. Warshauer, Gainsburgh, Benjamin, David, Meunier, Noriea & Warshauer, New Orleans, LA, for Joseph G. Poisso.

Gayla M. Moncla, Breazeale, Sachse & Wilson, Baton Rouge, LA, Thomas E. Balhoff, Roedel, Parsons, Hill & Koch, Baton Rouge, LA, for Formosa Plastics Corporation, Formosa Plastics Corporation, Louisiana.

Judith R.E. Atkinson, Thomas E. Balhoff, Roedel, Parsons, Hill & Koch, Baton Rouge, LA, for Turner Industries, Limited, Incorporated, Harmony Corporation.

David S. Kelly, Nicole Duarte Martin, Lemle & Kelleher, New Orleans, LA, Douglas K. Williams, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Illinois Central Railroad Company.

Robert E. Kleinpeter, Kleinpeter, Schwartzberg & Stevens, Baton Rouge, LA, Jerry F. Pepper, Jerry F. Pepper, Baton Rouge, LA, Louis Stephen Rastanis, Law Office of L. Stephen Rastanis, Baton Rouge, LA, for Kleinpeter, Schwartzberg & Stevens, Louis Stephen Rastanis.

Daniel R. Atkinson, Atkinson & Atkinson, Baton Rouge, LA, for Landmark Insurance Company.

Lester J. Naquin, Houma, LA, pro se.

### RULING

POLOZOLA, District Judge.

This matter is before the Court on motions for summary judgment filed by defendants Harmony Corporation ("Harmony"), Turner Industries ("Turner"), Formosa Plastics Company, Louisiana ("Formosa, LA") and Formosa Plastics Company, USA ("Formosa, USA").

## I. PROCEDURAL HISTORY AND FACTS

The plaintiff, Joseph G. Poisso, was injured in an accident involving a railroad car on July 8, 1994 while working in the course and scope of his employment for Harmony at the Formosa, La. Plaintiff Plant. Poisso filed this suit against: (1) Harmony, his immediate

employer; (2) Turner Industries, a company related to Harmony; (3) Formosa, La., the owner of the plant where plaintiff was injured; and (4) Formosa, USA, the owner/lessor the railroad cars involved and a company related to Formosa, LA. The defendants timely removed this suit to federal court. Jurisdiction is based on the plaintiff's claims under 49 U.S.C. § 20302, the Federal Safety Appliances Act. Defendants also seek to have this court exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Poisso was employed by Harmony which provides maintenance and construction services to various plants and companies. At the time of the accident, Poisso was working as a caustic loader for Harmony at the Formosa, La. plant. As a part of his job responsibilities and duties, plaintiff moved railroad cars to various places inside the plant for loading in the caustic/chlorine unit, and moved loaded cars from inside to tracks outside of the plant to be picked up by Illinois Central.

At the time the accident occurred Poisso was attempting to couple two railroad cars. Plaintiff alleges that the coupling device malfunctioned which required him to stand between the cars to open the device, at which time he was injured.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law fit." [1]

The well-established criteria that there must be no *genuine* issue of *material* fact before summary judgment will issue insures that a properly supported motion will not be defeated simply by the "existence of *some* alleged factual dispute." [2] With respect to "materiality," because the underlying substantive law is referenced to determine what facts are material,[3] only factual disputes that might affect the action's outcome under governing law can properly preclude summary judgment; disputes over facts which have no effect on the action's resolution are irrelevant.[4] In addition, even if material, a factual dispute will not prevent summary judgment if the dispute is not "genuine." Such a conclusion is reached when the evidence could not lead a rational trier of fact to return a verdict for the non-moving party.[5] In examining the record, the Court will view the evidence and draw all reasonable inferences therefrom in favor of the non-moving party.[6]

As always, the moving party bears the initial burden of establishing that there is no genuine issue of material fact.[7] In this situation, where the moving party does not bear the burden of proof on the issue at trial, the movant may discharge its burden by simply informing the Court of the basis for its motion and either producing evidence that negates the existence of a material element in the non-moving party's claim or defense *or* identifying to the Court those portions of the record which demonstrate the lack of proof supporting a crucial element of the non-movant's case.[8]

1. FED.R.CIV.P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1560 (5th Cir.1992).

2. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

3. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

4. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

5. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. *See also Kelley v. Price–Macemon, Inc.*, 992 F.2d

1408, 1413 (5th Cir.1993) ("If, on the other hand, the factfinder [sic] could reasonably find in [favor of the non-moving party], then summary judgment is improper.").

6. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1064 (5th Cir.1993).

7. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

8. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553; *Latimer v. Smithkline & French Labs., Div. of Smithkline Beckman Corp.*, 919 F.2d 301, 303 (5th Cir.1990); *Lavespere v. Niagara Mach. &*

Once the moving party makes the proper showing, the burden shifts to the non-moving party to designate "specific facts" in the record, by way of non-conclusory affidavits, depositions, answers to interrogatories or admissions on file, which evidence that there is a genuine issue for trial.[9] Because it bears the ultimate burden of proof at trial, the non-moving party is required to establish each element crucial to its action "since a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial."[10] The non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings and "must do more than simply show there is some metaphysical doubt as to the material facts."[11] When all the evidence presented by both parties "could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is proper.[12]

## III. ANALYSIS

The plaintiff contends that he is entitled to recovery under 49 U.S.C. § 20302, the Federal Safety Appliance Act (the "SAA"), which provides, in pertinent part:

> (a) General.—Except as provided in subsection (c) of this section and section 20303 of this title, a railroad carrier may use or allow to be used on any of its railroad lines—
>
> (1) a vehicle only if it is equipped with—
>
> (A) couplers coupling automatically by impact, and capable of being uncoupled, without the necessity of individu-

als going between the ends of the vehicles; . . .

The Plaintiff has also filed state law claims against all defendants.

### A. The SAA Claims

In *Norfolk and Western Railway Co. v. Hiles*,[13] the United States Supreme Court held that under the SAA, a railroad is liable for an employee's injury or death caused by a violation of the SAA.[14] The clear language of the SAA provision in question applies to railroad carriers only. Under 49 U.S.C. § 20102(2), a " 'railroad carrier' means any person providing railroad transportation." Prior to a 1988 amendment, § 20102(2) applied only to "common carriers." In 1988, Congress amended the statute to apply to "railroad carriers." Some courts have held that the 1988 amendment "broadened federal jurisdiction over railroad safety to include railroads that are neither common carriers nor engaged in interstate commerce."[15] At issue in the pending motions for summary judgment is whether or not the parties in question are railroad carriers subject to liability under the SAA.

#### 1. Harmony and Turner's Motions for Summary Judgment

Defendants Harmony and Turner contend that they are entitled to summary judgment on the SAA claims because they are not railroad carriers. The plaintiff does not oppose these motions. The plaintiff has represented to the Court that he never intended to bring a claim against Turner based on the SAA and has acknowledged that Harmony was not a railroad or railroad carrier subject

---

*Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

9. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Kelley v. Price–Macemon, Inc.*, 992 F.2d at 1413.

10. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

11. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

12. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

13. 516 U.S. 400, 116 S.Ct. 890, 134 L.Ed.2d 34 (1996).

14. *Norfolk and Western*, 116 S.Ct. at 895 (citing *St. Louis, I.M. & S.R. Co. v. Taylor*, 210 U.S. 281, 295, 28 S.Ct. 616, 621, 52 L.Ed. 1061 (1908) ("If the railroad . . . use[s] cars which do not comply with the standard, it violates the plain prohibitions of the law, and there arises from that violation the liability to make compensation to one who is injured by it")).

15. *Mickler v. Nimishillen and Tuscarawas Railway Co.*, 13 F.3d 184 (6th Cir.1993) (citing

to the SAA.[16] Therefore, the court will grant the motions for summary judgment filed by Harmony and Turner based on the SAA claims.

### 2. Formosa, LA and Formosa, USA's Motion for Summary Judgment

Formosa, LA and Formosa, USA contend that they are not railroad carriers subject to the SAA. These defendants argue that under the Fifth Circuit's decision in *Lone Star Steel Co. v. McGee,*[17] the recently decided Sixth Circuit decision in *Mickler v. Nimishillen & Tuscarawas RR Co.,*[18] and the Eight Circuit's decision in *Iverson v. Southern Minnesota Beet Sugar Cooperative,*[19] the SAA is not applicable to either Formasa, LA. or Formosa, USA. However, these cases do not address the definition of the term "railroad carrier" as used in the SAA amendment, nor do they consider the effect of the recent Supreme Court decision in *Norfolk & Western.*

The *Lone Star* decision deals with the liability of a common carrier under the pre-amendment versions of the Federal Employers' Liability Act [20] and the Safety Appliances Act.[21] In *Lone Star*, the defendant admitted that it was a carrier by rail, but denied that it was a common carrier.[22] Because Congress has specifically changed the language of the SAA to reach railroad carriers rather than just common carriers, this Court questions whether the definitions set out in *Lone Star* are controlling in interpreting the amended version of the SAA.

The *Mickler* decision does little to advance the defendants' argument that the *Lone Star* analysis should apply. In fact, the *Mickler* court expressly noted that "[b]y the Act of 1988, Congress broadened federal jurisdiction over railroad safety to include railroads that are neither common carriers nor en-

gaged in interstate commerce." [23] The *Mickler* decision was based on the court's conclusion that the SAA amendment did not expand the defendant's liability because the SAA did not create a private right of action. Instead, the *Mickler* court found that only FELA allowed for private liability; since FELA had not been amended to include railroad carriers which were not common carriers, the court did not consider the effect of the amended language.[24] The *Iverson* decision upon which the defendants rely only analyzes the definition of a common carrier. Under *Norfolk and Western*, the SAA does create a private right of action. Thus, it is necessary for Court to consider the effect of the 1988 amendment.

The defendants contend that the definition of "common carrier" and "railroad carrier" are identical and that the 1988 amendment of the SAA did not change or broaden the application of the SAA. In response to the defendants' arguments, the plaintiff contends that, under the revised language of the SAA, the defendants Formosa, LA and Formosa, USA are railroad carriers subject to the SAA.

The Court believes it would assist the Court and the parties if oral argument is held on this issue. Therefore, the Court will hear oral argument on this issue and will reserve ruling on whether or not these defendants are railroad carriers subject to the SAA until after oral arguments are held.

### B. The State Law Claims

There are numerous state law claims asserted against the various defendants. The Court has already determined without opposition from the plaintiff that the SAA does not apply to Harmony and Turner. The Court's subject matter jurisdiction is based on federal question jurisdiction, i.e., jurisdic-

House Conf.Rep. No. 100–637, cited in 1988 U.S.C.C.A.N. at 716).

**16.** Plaintiff's Amended Memorandum in Opposition to Motion for Summary Judgment.

**17.** 380 F.2d 640 (5th Cir.1967), *cert. denied,* 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967).

**18.** 13 F.3d 184 (6th Cir.1993).

**19.** 62 F.3d 259 (8th Cir.1995).

**20.** 45 U.S.C. §§ 51–60.

**21.** 45 U.S.C. §§ 1–16.

**22.** *Lone Star,* 380 F.2d at 641.

**23.** *Mickler,* 13 F.3d at 188.

**24.** *Mickler,* 13 F.3d at 188.

tion under the SAA. The Court's jurisdiction over the state law claims must be based on the court's supplemental jurisdiction under 28 U.S.C. § 1367. Thus, the Court must decide whether it wishes to exercise supplemental jurisdiction over the remaining state law claims against these two defendants and the other remaining defendants.

Harmony has filed a motion for summary judgment on the grounds that Harmony is Poisso's direct payroll employer, and thus plaintiff's claims are barred by the Louisiana Worker's Compensation Statute. Turner has also filed a motion for summary judgment based on the ground that Turner was not directing or supervising the plaintiff's workplace at the time of the accident. Turner also contends it was in no way negligent and in no way caused the accident.

The plaintiff no longer opposes Harmony's motion for summary judgment as to the state law claims asserted against Harmony.

The plaintiff has opposed Turner's motion for summary judgment on the state law claims plaintiff has asserted against Turner. Poisso bases his state law claims on the grounds that Turner negligently failed to conduct reasonable safety inspections. Relying on *Crane v. Exxon Corp., U.S.A.,*[25] plaintiff contends that since Turner sent an inspector to the Formosa plant, it also undertook to exercise reasonable care in conducting those inspections. Plaintiff argues that Turner had a duty to ensure that the Harmony workers were properly trained by Formosa, La. and that all work be conducted in a safe manner.

Formosa, La. and Formosa, USA have also filed motions for summary judgment on the state law claims which plaintiff has asserted against these defendants. Formosa, LA contends that it is the plaintiff's statutory employer, and thus any state law tort claims are precluded by La.Rev.Stat. 23:1061 of Louisi-

ana's Worker's Compensation Act. The plaintiff denies that Formosa, LA is his statutory employer.[26] Poisso further contends that, even if Formosa, LA is his statutory employer, he still has a claim against Formosa, LA under Louisiana Civil Code article 2315.3 (West 1994) and the Louisiana Supreme Court decision in *Billiot v. B.P. Oil Co.*[27]

The pending motions for summary judgment require the Court to determine whether or not Formosa, LA is the plaintiff's statutory employer. This determination is governed by La.Rev.Stat. 23:1061. Under the Louisiana Worker's Compensation Act, a principal is liable to pay worker's compensation benefits to any injured employee of the contractor when the "principal" engages a contractor to perform work that is a part of its "trade, business, or occupation."[28] In such cases, the principal is known as the "statutory employer." In exchange for placing this responsibility on statutory employers, the statute provides them with immunity from tort lawsuits by their statutory employees.[29]

To resolve the issues which pertain to the state law claims, this Court would be required to resolve a number of state law issues. Some of these issues involve the interpretation of recent cases from the Louisiana Supreme Court and state appellate courts as well as the interpretation of recently enacted legislative statutes. The Court does not believe that the issue which remains on the one federal claim remaining in this case needs to be clouded by all of the remaining issues involved in the state law claims. This Court has discretion whether to accept jurisdiction under § 1367. Considering the remaining state issues and the complexity surrounding those issues, the Court declines to exercise supplemental jurisdiction over the state law claims. Therefore, these claims will be remanded to state court. Any pending motions

---

**25.** 613 So.2d 214 (La.App. 1st Cir.1992).

**26.** Although the plaintiff has suggested that a determination that Formosa, LA is the plaintiff's statutory employer could somehow subvert his SAA claims, this is not the case. The issue of statutory employer concerns the plaintiff's state law claims only.

**27.** 645 So.2d 604 (La.1994).

**28.** *Ardoin v. Formosa Plastics Corp., LA.,* 884 F.Supp. 209, 211 (M.D.La.1994) (citing La.R.S. 23:1061 (Supp.1994)).

**29.** *Ardoin,* 884 F.Supp. at 211–12.

pertaining to the state law claims will be left to the state district judge to decide.

Therefore:

IT IS ORDERED that the motions for summary judgment filed by the defendants Harmony and Turner on the Federal Safety Appliances Act claim, 49 U.S.C. § 20302 be and each is hereby granted.

IT IS FURTHER ORDERED that the motions for summary judgment filed by Formosa, La. and Formosa, USA for summary judgment on the Federal Safety Appliances Act claim which were set for oral argument on January 30, 1998 at 9 a.m. be and they are continued to Friday, February 13, 1998 at 9 a.m.

IT IS FURTHER ORDERED that the parties shall be prepared to discuss the following points when the matter is heard for oral argument:

1. Under what facts and law is Formosa, LA a railroad carrier?

2. Under what facts and law is Formosa, USA a railroad carrier?

3. Did the amendment to the SAA expand its applicability? If so, in what manner? Please have case citations or statutory language or history ready to support your position.

IT IS FURTHER ORDERED that all state law claims against all defendants be remanded to the Nineteenth Judicial District, Parish of East Baton Rouge, State of Louisiana. The Court will defer ruling on all pending motions on the state law claims, whether opposed or not, to the state district judge.